Benito GUZMAN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–94–443–CR, 13–94–448–CR.

Court of Appeals of Texas,
Corpus Christi.

May 16, 1996.

David Fast, Corpus Christi, for appellant.

Thomas L. Bridges, District Attorney, Sinton, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

Benito Guzman appeals the revocation of his probation. On November 11, 1993, he pleaded guilty to two different offenses, burglary of a vehicle, and possession of cocaine, in violation of Section 30.04 of the Texas Penal Code and Section 481.115 of the Texas Controlled Substance Act, respectively. Punishment was assessed at 10 years in the Texas Department of Corrections and a $500 fine for each offense, with both sentences and fines probated for 10 years. Formal sentencing occurred on February 14, 1994, despite the objections of Guzman's counsel that the defendant was not competent to be sentenced on that date. Approximately five months later, on July 7, 1994, the State moved to revoke his probation based on several alleged violations of probation conditions: he committed a new offense [1], tested positive for cocaine use, missed an appointment with his probation officer, and failed to report four times for random drug tests. At the revocation hearing on August 11, 1994, Guzman pled true to the violations, the trial court ordered his probation revoked, and sentenced him to 10 years in prison, with the sentences running concurrently.

By six points of error, appellant contests the probation revocation [2]. Five of the points pertain to alleged errors made by the court in its conduct of the revocation proceedings. In particular, appellant alleges the court erred in failing to maintain its neutrality at the revocation hearing, failing to order a pre-sentence investigation report in connection with the revocation, ordering an improper sentence in light of Guzman's special circumstances, and by not granting appellant's motion for new trial or permission to appeal the revocation. Appellant also alleges that he had ineffective assistance of counsel at the revocation hearing and that the court erred by appointing ineffective counsel. The State did not file a brief in response to appellant's alleged points of error, nor did it present oral argument in response to that of appellant.

In order to properly address the merits of appellant's points of error, it is necessary to examine the procedural history of the case. Guzman's attorney on appeal is David Fast. Mr. Fast also represented the appellant at his initial hearings where he pled guilty, as well as at his sentencing in February 1994, all of which occurred in the 156th District

---

1. Appellant allegedly received a firearm, in violation of 18 U.S.C. § 922(g)(1), and assaulted someone with the firearm, in violation of § 22.02 of the Penal Code.

2. Appellant contends that he received "deferred adjudication probation" for the offenses. This is inaccurate. Upon reviewing the record, we note that appellant received straight probation for the offenses after the court, on November 11, 1993, found the defendant guilty as charged.

Court. At the revocation hearing, which was held in the 343rd District Court, appellant was represented by different counsel, Michael McLelland. Appellant's arguments on appeal relate to the manner in which his probation was revoked, the performance of Mr. McLelland at the hearing, and the actions of the court.

■■■ A defendant has a right to appeal the court's decision to revoke probation for violating the conditions of community supervision when he is called on to serve his sentence in prison. TEX.CRIM.PROC.CODE ANN. art. 42.12, § 23(b) (Vernon Supp.1996). The appellate court must view the evidence at a revocation hearing in the light most favorable to the trial court's findings. *Jones v. State*, 589 S.W.2d 419 (Tex.Crim.App. 1979); *Arguijo v. State*, 764 S.W.2d 919, 920 (Tex.App.—Corpus Christi 1989, pet. ref'd, untimely filed). Appellate review of an order revoking probation is limited to whether the trial court abused its discretion in revoking probation. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Crim.App.1981); *Wilson v. State*, 645 S.W.2d 932, 934 (Tex.App.—Dallas 1983, no pet.).

All of appellant's points of error are premised on the assertion that appellant was not competent at the time of the revocation hearing, and therefore the failure of his attorney, the court, or its officers to discover and consider appellant's incompetence in the proceedings constitutes a violation of appellant's due process rights and is reversible error. Therefore, we will examine the evidence in the record on that issue first.

■■■ The appellant bears the burden of presenting a sufficient record to show error which requires reversal. TEX.R.APP.P. 50(d). Mere assertions in a brief will not suffice to satisfy the burden. *Serna v. State*, 882 S.W.2d 885, 890 (Tex.App.—Corpus Christi 1994, no pet.); *Freeman v. State*, 828 S.W.2d 179 (Tex.App.—Houston [14th Dist.] 1992, no pet.). Appellant argues that inquiry should be made at every proceeding into the defendant's competency, and that the simple question and answer inquiry made by the court·

was not adequate to protect a defendant's rights.

■■■ Under Article 46.02, section 1 of the Texas Code of Criminal Procedure, a defendant is incompetent to stand trial if the defendant does not have (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding"; or (2) "a rational as well as factual understanding of the proceedings against him." TEX.CODE CRIM.PROC.ANN. art 46.02, § 1(a) (Vernon 1979). A defendant is presumed competent to stand trial unless proved incompetent by a preponderance of the evidence. Art. 46.02, § 1(b). A competency hearing is held at any time the issue of the defendant's competency is raised. Art. 46.02, § 3(a). The issue may be raised by the court's own motion or written motion of the defense prior to trial, or "if during trial evidence of the defendant's incompetency is brought to the attention of the court *from any source.*" Art. 46.02, § 2(a) & (b). (emphasis added). The fact that appellant had previously been admitted to a mental hospital does not by itself raise the issue of competency requiring a separate hearing. *Ex parte McWilliams*, 634 S.W.2d 815, 820 (Tex.Crim. App.1982).

Review of the entire trial record reveals appellant's competency had been investigated and determined prior to his sentencing in February 1994.[3] At appellant's initial pretrial hearing in November 1993, where he was represented by the same counsel now asserting his incompetency, the following exchange took place:

THE COURT: All right. Mr. Fast, are you satisfied your client is competent?

MR. FAST: Yes, but I'd like to make sure that I clearly advised the court that I am convinced he is suffering from a severe mental illness.... But we have come to the conclusion that he was sane at the time of the commission of the offense and that he also is competent to go through this proceeding this morning.

**3.** Appellant was indicted on February 23, 1993. The docket sheets for each case indicate that a psychiatric examination was ordered on May 7,

1993. After several resettings, the report was received on October 4, 1993, appellant was examined, and appeared competent to stand trial.

Thus, the trial record indicates that Mr. Fast *admitted* that appellant's competency was not at issue earlier in the trial, during the pleading stage. Mr. Fast did object to the sentencing in February 1994 on the grounds that appellant was not competent, but the court found otherwise and proceeded to sentence him.

At the revocation hearing in August 1994, appellant appeared in court, represented by Mr. McLelland. Appellant signed a Stipulation and Judicial Confession, waiving his constitutional rights to call, confront, and cross-examine witnesses. He expressly waived the preparation of a presentence report and stipulated to the facts and allegations contained in the affidavit prepared by his probation officer listing the conditions he violated.

The trial court asked Guzman orally if the allegations were true, to which Guzman replied "Yes, they are true." With regard to appellant's competency, the following exchange took place:

THE COURT: Have you been treated for any kind of mental illness by a psychiatrist or psychologist?

THE DEFENDANT: Yes, sir.

THE COURT: Are you still in treatment now?

THE DEFENDANT: No, sir.

MR. MCLELLAND: He is taking medication, Your Honor.

THE COURT: Okay. I want to know if you understand the proceedings, what's going on here today, what's taking place here.

THE DEFENDANT: Yes, sir.

THE COURT: Mr. McLelland, you've been working with this young man. I'm going to ask you whether or not, in your opinion, whether or not he is mentally competent to stand trial at this time.

MR. MCLELLAND: Yes, sir, he is. The medication he is taking I understand is mostly for depression, but he is lucid and able to understand the proceedings.

THE COURT: He understands what's going on?

MR. MCLELLAND: Yes, sir.

THE COURT: Has he been able to assist you?

MR. MCLELLAND: Yes, sir.

THE COURT: We appointed Mr. McLelland to represent you in both cases, Mr. Guzman. Are you satisfied with his service to you?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any complaints about his representation?

THE DEFENDANT: No, sir.

THE COURT: Court finds defendant mentally competent to stand trial in both cases.

■■■ Generally, to raise the issue of incompetency, there must be evidence of recent severe mental illness or bizarre acts by the defendant or evidence of moderate retardation. *Brown v. State*, 871 S.W.2d 852, 859 (Tex.App.—Corpus Christi 1994, pet. ref'd). The fact that a psychiatric examination had been ordered by the court in an earlier phase of the trial did not constitute a determination that an issue as to the defendant's competency existed. *Gardner v. State*, 733 S.W.2d 195, 200 (Tex.Crim.App.1987), *cert. denied*, 488 U.S. 1034, 109 S.Ct. 848, 102 L.Ed.2d 979 (1989); *Brown*, 871 S.W.2d at 858. As mentioned above, the assertions of counsel in its brief regarding prior hospitalizations do not constitute evidence. *Serna*, 882 S.W.2d at 890.

In his brief, appellant's attorney makes blanket assertions that he believes appellant is misdiagnosed by his doctors as depressive, and should be diagnosed as schizophrenic. He also refers to recent suicide attempts made by the appellant, without documentation. In support of his claim that appellant was incompetent at the hearing, counsel attached an affidavit from appellant's mother indicating her opinion that appellant did not comprehend the proceedings. There are no affidavits by the appellant, his doctors, his attorney at the revocation hearing, or anyone else in a position to have made this determination. Besides the affidavit of appellant's mother, there is nothing in the record, from any proceeding, indicating that defendant was incompetent. He was diagnosed as depressed, and not schizophrenic, as appellant's

counsel now asserts. He coherently answered questions presented by the court. He was found competent after a prior mental examination. Both the court and his attorney found him to be competent.

■ We hold that the court was within its power to find the appellant competent based on the record before it, Guzman's answers to its questions, his demeanor while responding to the questions, and the representations of his counsel as to his competency. *See Mata v. State*, 632 S.W.2d 355, 359–60 (Tex.Crim. App.1982) (court declined to consider whether a bona fide doubt as to appellant's competency was raised because trial judge made careful inquiry into appellant's competency through informal but effective questioning); *Villarreal v. State*, 860 S.W.2d 529, 534 (Tex. App.—Corpus Christi 1993, pet. ref'd). Due to the lack of evidence in the record on this issue, we find that appellant has not overcome the presumption that he was competent at the revocation hearing, or that the court failed to adequately consider appellant's mental status. We now address appellant's points of error.

Appellant contends in his first point of error that the counsel at the revocation hearing was ineffective and that the court erred by appointing ineffective counsel. Appellant argues that counsel at the revocation hearing did not properly investigate appellant's mental history, and that had he done so, determinative findings that appellant was incompetent would have followed.

■ The burden of proving ineffective assistance of counsel is on the appellant and is one which requires proof by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App.1984); *Brown v. State*, 881 S.W.2d 582, 589 (Tex. App.—Corpus Christi 1994, no pet.). Because appellant's complaint concerns alleged errors which occurred at the punishment phase of the trial, we apply the test announced in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980), rather than the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test for effectiveness of counsel during the punishment phase of a non-capital offense is 1) whether counsel was reasonably likely to render effective assistance, and 2) whether counsel did reasonably render effective assistance. *Craig v. State*, 825 S.W.2d 128, 129–30 (Tex.Crim.App. 1992) (*citing Ex parte Walker*, 794 S.W.2d 36, 37 (Tex.Crim.App.1990)); *Duffy*, 607 S.W.2d at 514 n. 4.

■ Our review of counsel's performance must be highly deferential, as the accused is not entitled to errorless counsel or counsel whose effectiveness is to be judged by hindsight. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim.App.1987). Effective assistance of counsel is gauged by the totality of the representation, from the pretrial representation through the punishment phase. *Id.* Thus, the trial as a whole must be reviewed and not isolated incidents. *Cannon*, 668 S.W.2d at 403. An allegation of ineffective counsel will be sustained only if it is firmly founded and the record affirmatively demonstrates counsel's alleged ineffectiveness. *Ex parte McWilliams*, 634 S.W.2d 815 (Tex. Crim.App.1982).

As indicated above, counsel at earlier phases of the trial determined appellant was competent, just as McLelland did later. Although the issue of appellant's competency had been mentioned at the sentencing, the court determined there was insufficient evidence to warrant a hearing. We find that counsel adequately presented to the court its concerns regarding appellant's mental state. Now, on appeal, appellant claims that Mr. McLelland was ineffective because he did not thoroughly investigate appellant's history.

As to appellant's contention that Mr. McLelland did not investigate appellant's history, there is nothing in the record before us other than Mr. Fast's assertions that defense counsel did not properly investigate appellant's mental history. Appellant admits that Mr. McLelland spent 3.25 hours in the representation. We cannot say that, during this time, Mr. McLelland did not interview the appellant, investigate his history, and/or review the record before he proceeded to represent him at the revocation hearing.

■ Moreover, there is no evidence in the record, firmly founded or otherwise,

that appellant has any history of incompetence. Even if appellant does have a history of depression, this fact alone would not raise the issue of his competency. Assuming *arguendo* that the unsubstantiated representations of appellant's current counsel are correct, that appellant had been previously hospitalized for depression and suicide attempts, such facts, by themselves, would not have raised a "bona fide doubt" as to appellant's competency on the date of the revocation hearing. *See Ex parte McWilliams,* 634 S.W.2d at 820. Therefore, the failure of counsel to mention this "history" at the revocation hearing does not establish his ineffectiveness.

Moreover, there is no evidence in the record from the revocation proceeding that appellant demonstrated the type of bizarre or nonresponsive behavior which might have prompted McLelland to raise the issue of the appellant's competency to the court. Appellant answered questions presented by the court clearly and coherently. When the court asked appellant if he was in treatment, he stated "no," at which point Mr. McLelland interjected to inform the court that appellant *was* taking medication. However, Mr. McLelland explained that, in his opinion, appellant was lucid and able to understand the proceedings. We must assume that McLelland was in a better position to have evaluated appellant's mental capacities on the date of the revocation hearing than we are now. Therefore, we find that appellant has failed to explain how Mr. McLelland was not likely to, or how he failed to render reasonably effective assistance. Accordingly, appellant's first point is overruled.

■ In his fifth point, appellant claims the trial court erred in failing to require a presentence investigation report in connection with the motion to revoke probation because such report would have reflected appellant's mental condition. A review of the record indicates that the appellant signed a document entitled "Stipulation and Waiver of Pre–Sentence Report," in which he specifically waived the preparation of a pre-sentence report. Therefore, in the absence of any evidence to the contrary, we find this point is without merit. We overrule appellant's fifth point of error.

By his third point of error, appellant contends the trial court erred in "failing to maintain a certain requisite of neutrality" at the revocation hearing. Appellant cites the "lackadaisical" and "cavalier" attitude of the court in determining appellant's competency. Appellant also cites the failure of the court to mention his informant and recruitment status in the courtroom, which exemplified "how the criminal justice system failed this defendant." [4] Finally, appellant objects to the court calling him a "junkie" before revoking his probation.

■ Appellant has not met his burden of showing bias by the court. The trial court has no duty to make its own inquiry into appellant's competency at his previous plea. *Villarreal,* 860 S.W.2d at 533. The record reflects that the court did make an appropriate inquiry from both the appellant and his attorney regarding his competency at the revocation hearing. As discussed above, there is insufficient evidence in the record to establish that appellant was incompetent on the day of the revocation. Thus, appellant's arguments regarding the court's failure to examine his competency are unsubstantiated.

■ The record is equally silent as to any evidence that appellant ever was a police informer, as is alleged by counsel on appeal. An appellate court is bound by the record before it. *Burns v. State,* 761 S.W.2d 486, 487 (Tex.App.—Corpus Christi 1988, pet. ref'd). Statements by counsel, standing alone, cannot be taken as evidence of a claim. *Perez v. State,* 830 S.W.2d 684, 688 (Tex. App.—Corpus Christi 1992, no pet.). Therefore, we cannot consider this allegation on review. *Id.*

■ Appellant also complains that the court's comments reflected its lack of neu-

4. Appellant alleges that he had carried a gun in violation of his probation condition because he had been recruited by police to become an informer, in exchange for a lighter sentence. As a result, his life had been threatened by several drug dealers. He had the gun to protect himself. However, there is no evidence in the record that appellant ever was an informer, or that the court even considered the "gun" violation in revoking appellant's probation.

trality. In order to constitute reversible error, comments from the bench must be reasonably calculated to benefit the state or prejudice a defendant's rights. *See Brokenberry v. State*, 853 S.W.2d 145, 152 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). In this case, the judge's comment was in response to the defendant's narrative explanation of how he "was trying to do some good, but it turn [sic] out bad" after he tested positive for cocaine. The judge replied, "You're still a junkie, man. That's what happens." While the comment may have been a poor choice of words, appellant has failed to show how it detrimentally affected his rights. He already intended to plead true to the violations pursuant to a plea agreement. The trial court's comment was of no consequence. Appellant's third point is overruled.

Appellant's second point alleges the court erred by sentencing him to 10 years in the institutional division of the Texas Department of Criminal Justice, in light of his mental condition and special circumstances. As mentioned above, there is no evidence in the record that appellant ever was incompetent. While there was testimony by Mr. Fast that appellant suffers from depression, and had been hospitalized on more than one occasion, there is no evidence from any medical facility or doctor regarding the special needs of the defendant.[5] The Code of Criminal Procedure provides that "if community supervision is revoked after a hearing under Section 21 of this article, the judge may proceed to dispose of the case as if there had been no community supervision." TEX.CRIM.PROC.CODE ANN. art. 42.12, § 23(a) (Vernon Supp.1996). In other words, the judge may impose the sentence originally assessed. In this case, the punishment originally assessed was 10 years for each crime. The judge ordered the two revoked sentences to run concurrently. The trial court did not commit error. Appellant's second point of error is overruled.

In his fourth and sixth points of error, appellant argues that the trial court erred by overruling appellant's motion for new trial and not granting permission to appeal the revocation of probation, respectively. We find these arguments without merit. Upon review of the transcripts and the docket sheets for both offenses, we find that neither contain any motions for new trial, or orders denying such motions. It is the appellant's burden to establish a record supporting his claims that his request for new trial was denied. TEX.R.APP.P. 50(d); *Serna*, 882 S.W.2d at 890. Appellant's fourth point of error is overruled.

Appellant does not need permission to appeal the revocation of his probation. Moreover, the record reflects that the trial court granted appellant's request to appeal on September 16, 1994, and we are, in fact, considering his appeal. Therefore, we are unable to ascertain any error that appellant may be referencing.[6] Appellant's sixth point of error is overruled.

Having overruled all the points of error, we affirm the judgment of the trial court.

---

5. In fact there is reason to believe that appellant did not qualify for special treatment. When appellant was put on probation, the court instructed that he was to submit himself to the Nueces County Mental Health Mental Retardation "Dual Focused" Residential Treatment Center for evaluation for psychiatric treatment. However, the Dual Focus program refused to accept him, according to appellant's brief.

6. If appellant is raising the trial court's March 11, 1994 denial of appellant's request to appeal his sentencing on February 14, 1994, we note that such leave to appeal is within the discretion of the trial court. TEX.R.APP.P. 40(b)(1).