NUMBER 13-00-130-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


SHANNON ROGERS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 347th District Court of Nueces County,

Texas.

____________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and

Rodriguez

Memorandum Opinion by Justice Hinojosa



 Appellant, Shannon Rogers, pleaded guilty to aggravated assault. 
The trial court found him guilty and assessed his punishment at ten
years imprisonment, but suspended the sentence and placed him on
community supervision for ten years. The State subsequently moved
to revoke appellant's community supervision. After hearing the motion
to revoke, the trial court found that appellant had violated the conditions
of his community supervision, revoked his community supervision, and
ordered that appellant serve his original sentence of ten years
imprisonment. By a single issue, appellant contends his counsel at the
revocation hearing was ineffective because he did not have appellant
evaluated by a mental health professional for competency and did not
ask the trial court to (1) order a pre-sentence investigation (PSI) and (2)
continue appellant on community supervision.

 Claims of ineffective assistance of counsel are analyzed under the
rule set forth in Strickland v. Washington, 466 U.S. 668 (1984), and
adopted by the court of criminal appeals in Hernandez v. State, 726
S.W.2d 53, 56 (Tex. Crim. App. 1986). The Strickland standard applies
to ineffective assistance of counsel at both the guilt-innocence and
punishment phases of the proceedings. Hernandez v. State, 988
S.W.2d 770 (Tex. Crim. App. 1999). 

 We find no evidence in the record which establishes that
appellant's counsel rendered ineffective assistance. The record shows:
(1) appellant pleaded true to the allegations he violated the conditions
of his community supervision, see Tex. Code Crim. Proc. Ann. art.
42.12, § 21 (Vernon Supp. 2001); (2) appellant waived his right to have
a PSI report prepared and considered by the court, see Guzman v. State,
923 S.W.2d 792, 798 (Tex. App.--Corpus Christi 1996, no pet.); (3) the
evidence does not raise a bona fide doubt as to appellant's competency,
see Tex. Code Crim. Proc. Ann. art. 46.02, § 1A (Vernon Supp. 2001)
and Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997); and
(4) counsel brought forth evidence, through the testimony of witnesses,
that appellant would benefit from being continued on community
supervision.

 Even though appellant's community supervision was revoked, we
conclude counsel's representation was effective and was a bona fide
attempt to assist appellant. We overrule appellant's sole issue.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

15th day of February, 2001.