NUMBER 13-02-234-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

VIRGINIA LEE MATHERS,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the County Court at Law No. 2 
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Rodriguez

         Appellant, Virginia Lee Mathers, was tried before a jury and convicted of driving
while intoxicated. The trial court assessed a sentence of six months confinement in
county jail, probated for fourteen months, and a $550.00 fine. The trial court has
certified that this case “is not a plea-bargain case, and the defendant has the right of
appeal.” See Tex. R. App. P. 25.2(a)(2). By three issues appellant contends: (1) the
trial court erred by failing to grant appellant’s motion for directed verdict; (2) appellant
was denied effective assistance of counsel; and (3) the trial court erred when it
refused to grant appellant’s objection to the State’s improper jury argument. We
affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. MOTION FOR DIRECTED VERDICT
         In her first issue, appellant contends the trial court erred by failing to grant her
motion for directed verdict. Specifically, appellant argues that the evidence was
insufficient to establish that she was intoxicated beyond a reasonable doubt.



         We treat a point of error complaining about a trial court’s failure to grant a
motion for directed verdict as a challenge to the legal sufficiency of the evidence. 
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); Cook v. State, 858
S.W.2d 467, 470 (Tex. Crim. App. 1993). In reviewing the legal sufficiency of the
evidence, we view all the evidence in the light most favorable to the verdict in order
to determine whether any rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Perales v.
State, 117 S.W.3d 434, 440 (Tex. App.–Corpus Christi 2003, no pet.). We consider
all evidence that sustains the conviction, whether properly or improperly admitted. 
Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State,
919 S.W.2d 370, 378 (Tex. Crim. App. 1994)). Because the jury solely judges the
weight and credibility of the evidence, we must review the evidence as already
scrutinized and resolve any inconsistencies in favor of the verdict. See Moreno v.
State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).
         The record reflects that Border Patrol Agent Micah Snyder observed appellant
driving at an excessive rate of speed and swerving erratically shortly before
sideswiping another vehicle. The two damaged cars entered a parking lot and Agent
Snyder followed to see if anyone was injured. In speaking with appellant, Agent
Snyder observed that she was swearing profusely, stumbling, slurring her speech, and
that her eyes were bloodshot. He also detected a strong odor of alcohol emanating
from appellant.  
         Brownsville Police Officer Eliezer Garcia arrived as Sergeant Massey was
administering a field sobriety test. Officer Garcia also observed that appellant had
slurred speech, bloodshot eyes, breath which smelled of alcohol, and that she was
swaying as she stood speaking with another officer. Sergeant Massey informed
Officer Garcia that appellant had failed the field sobriety test, and appellant was placed
under arrest.
         There was testimony at trial from appellant’s husband and appellant’s neighbor
that she drank at least one or two glasses of wine at dinner shortly before the
accident. Appellant testified that she drank two glasses of wine but that she had good
control of her physical and mental faculties.
         Viewing all the evidence in the light most favorable to the verdict, we find that
any rational trier of fact could have found appellant intoxicated beyond a reasonable
doubt. See Jackson, 443 U.S. at 319; see also Annis v. State, 578 S.W.2d. 406,
407 (Tex. Crim. App. 1979) (holding that testimony of an officer as to intoxication is
sufficient to establish the element). Appellant’s first issue is overruled.
III. INEFFECTIVE ASSISTANCE OF COUNSEL
         In her second issue, appellant contends she was denied effective assistance of
counsel. Specifically, appellant argues that trial counsel was ineffective because he
failed to file a motion to quash and failed to object to inadmissable hearsay.
A. Standard of Review
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s sixth amendment right to counsel. See, e.g., Strickland
v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet.). To establish ineffective assistance of counsel, appellant must
show: (1) her attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for her attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d). Appellant has the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. See Munoz, 24 S.W.3d at 434; Stone, 17 S.W.3d at
350. An allegation of ineffective assistance of counsel will only be sustained if it is
firmly founded and the record affirmatively demonstrates counsel’s alleged
ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.–Corpus Christi
1996, no pet.). We must indulge a strong presumption that the counsel’s conduct
falls within the wide range of reasonable professional assistance. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In the absence of evidence of
counsel’s reasons for the challenged conduct, an appellate court will assume a
strategic motivation and will not conclude that the conduct was deficient unless the
conduct was so outrageous that no competent attorney would have engaged in it. 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999). 
B. Failure to File Motion to Quash
         Appellant complains trial counsel was ineffective for failing to file a motion to
quash the complaint and information. Appellant argues that the charging instrument
failed to state the type of intoxicant used and the definition of intoxication that would
be relied on by the State at trial. 
         While appellant has offered authority demonstrating deficiencies in the
information and justifying a motion to quash, she has not shown that the outcome of
the trial would have been different but for trial counsel’s failure to file such a motion. 
See Strickland, 466 U.S. at 687. Therefore, appellant has failed to meet the second
prong of Strickland. 
C. Failure to Object to Hearsay Testimony
         Appellant also contends trial counsel was ineffective because he failed to object
to hearsay testimony by Officer Garcia. At trial, Officer Garcia testified that after
Sergeant Massey performed the field sobriety test, “[h]e walked over to me and pretty
much gave me the results of [Virginia Mather’s] test and said that she had failed the
exam.” Trial counsel made no objection to this statement. However, the record is
silent as to the reasons for counsel’s decision not to object to the hearsay statement. 
Because of the strong presumption that trial counsel’s conduct falls within the wide
range of reasonable professional assistance and that such conduct might be sound trial
strategy, see Garcia, 57 S.W.3d at 440, we find appellant failed to meet her burden
of showing that her trial counsel’s assistance was ineffective. Appellant’s second
issue is overruled.
IV. IMPROPER CLOSING ARGUMENT
         In her final issue appellant contends the trial court erred when it refused to grant
appellant’s objection to the State’s improper jury argument. The State made the
following comment during its closing argument:
But you heard the officer -- you heard Officer Garcia and you heard the
agent both come up here and testify that they talked to the people in that
car. They seemed fine. Nobody was cited. They weren’t cited for
swerveing [sic] out of their lane. They weren’t arrested for DWI. They
were suspected of DWI. They were let go. The one who was stopped
here was the defendant. She was the one that they took out for DWI.

Appellant argues that by making this argument the State was inferring that appellant
was guilty because she was arrested. 
         Proper jury argument must encompass one of the following: (1) summation of
the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3)
answer to the opposing counsel’s argument; or (4) a plea for law enforcement. 
Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (citing McFarland v.
State, 845 S.W.2d 824, 844 (Tex. Crim. App. 1992)). Because we find the State’s
closing argument was a proper summation of the evidence, the trial court did not err
by refusing to grant appellant’s objection. Appellant’s final issue is overruled. 
V. CONCLUSION
         Accordingly, we affirm the judgment of the trial court.                                                                                           
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 29th day of April, 2004.