NO. 07-03-0420-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 25, 2005


______________________________



ROBERT WENDELL MAY, II, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 92-415,986; HON. JOHN FORBIS, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Robert Wendell May, II, appeals from a judgment revoking his probation
and sentencing him to ten years confinement. Through three issues, he challenges the trial
court's decision to impose upon him a prison term of ten years, i.e. the same term originally
assessed before being granted probation. We overrule each issue and affirm the
judgment.


 The trial court found that appellant violated three conditions of his community
supervision. The first directed him to avoid injurious or vicious habits, while the second and
third pertained to his need to report monthly and complete counseling, respectively. 
Appellant does not question that he failed to comply with the second condition and
concedes that such would permit the trial court to revoke his community supervision. We
agree with appellant; such would permit the trial court to do so. See Pierce v. State, 67
S.W.3d 374, 377 (Tex. App.-Waco 2001, pet. ref'd) (holding that the trial court did not
abuse its discretion by revoking appellant's probation after concluding that he failed to
report per the terms of his probation).

 Once the trial court decided to revoke, it had the option to either dispose of the case
as if appellant had never been granted community supervision or "if the judge determines
that the best interests of society and the defendant would be served by a shorter term of
confinement, reduce the term" to a period not less than the minimum statutorily prescribed
for the offense. Tex. Code Crim. Proc. Ann. art 42.12, §23(a) (Vernon Supp. 2004-05). 
This meant that it could impose the sentence originally assessed, Guzman v. State, 923
S.W.2d 792, 799 (Tex. App.-Corpus Christi 1996, no pet.). Moreover, imposing the
sentence originally assessed does not evince an abuse of discretion. Id.; see Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (stating that the amount of punishment
to impose lies within the trial court's discretion). So, because appellant at bar was originally
sentenced to a ten-year prison term, the trial court did not abuse its discretion in assessing
a like term upon revoking his probation. In short, we refuse to hold that the trial court
abused its discretion in doing that allowed by statute.

 Accordingly, appellant's issues are overruled, and the judgment is affirmed.

 

 Brian Quinn 

 Chief Justice

 

Do not publish. 



nsion of time from the trial court, the clerk's record on
remand, reporter's record of the hearing and proceedings pursuant to this order, and any
additional proceeding records, including any orders, findings, conclusions and
recommendations, are to be sent so as to be received by the clerk of this court not later
than May 16, 2003. 

 

 Per Curiam



Do not publish.