NO. 07-03-0420-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 25, 2005
_____

ROBERT WENDELL MAY, II,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 92-415,986; HON. JOHN FORBIS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant Robert Wendell May, II, appeals from a judgment revoking his probation and sentencing him to ten years confinement. Through three issues, he challenges the trial court's decision to impose upon him a prison term of ten years, *i.e.* the same term originally assessed before being granted probation. We overrule each issue and affirm the judgment.

The trial court found that appellant violated three conditions of his community supervision. The first directed him to avoid injurious or vicious habits, while the second and third pertained to his need to report monthly and complete counseling, respectively. Appellant does not question that he failed to comply with the second condition and concedes that such would permit the trial court to revoke his community supervision. We agree with appellant; such would permit the trial court to do so. *See Pierce v. State,* 67 S.W.3d 374, 377 (Tex. App.–Waco 2001, pet. ref'd) (holding that the trial court did not abuse its discretion by revoking appellant's probation after concluding that he failed to report per the terms of his probation).

Once the trial court decided to revoke, it had the option to either dispose of the case as if appellant had never been granted community supervision or "if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term" to a period not less than the minimum statutorily prescribed for the offense. TEX. CODE CRIM. PROC. ANN. art 42.12, §23(a) (Vernon Supp. 2004-05). This meant that it could impose the sentence originally assessed, *Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.–Corpus Christi 1996, no pet.). Moreover, imposing the sentence originally assessed does not evince an abuse of discretion. *Id.*; *see Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (stating that the amount of punishment to impose lies within the trial court's discretion). So, because appellant at bar was originally sentenced to a ten-year prison term, the trial court did not abuse its discretion in assessing a like term upon revoking his probation. In short, we refuse to hold that the trial court abused its discretion in doing that allowed by statute.

Accordingly, appellant's issues are overruled, and the judgment is affirmed.

Brian Quinn
Chief Justice


Do not publish.