NUMBER
13-04-487-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

TOMMY CROSSNO,                                                 Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 105th District Court

                          of
Nuecees County, Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Tommy
Crossno, appeals his conviction for possession of certain chemicals with intent
to manufacture a controlled substance.  See Tex.
Health & Safety Code Ann. ' 481.124 (Vernon Supp.
2004-05).  Following a jury trial,
appellant was found guilty and sentenced to twelve years in the Institutional
Division of the Texas Department of Criminal Justice.  The trial court has certified that this case Ais not a plea bargain
case, and the defendant has the right of appeal.@  See Tex.
R. App. P. 25.2(a)(2).  By three
points of error, appellant argues that the evidence was both legally and
factually insufficient to support his conviction and that he received
ineffective assistance of counsel.  We
affirm.

I.  BACKGROUND

As this is a
memorandum opinion and all issues of law presented by this case are well
settled and the parties are familiar with the facts, we will not recite the law
and the facts in this memorandum opinion except as necessary to advise the
parties of the Court=s decision and the
basic reasons for it.  See Tex. R. App. P. 47.4. 

II.  ANALYSIS

A.       Legal Sufficiency

By his first point of error, appellant argues that the
evidence offered at trial was legally insufficient to support his conviction
because the State failed to establish that he knew of the existence and
unlawful nature of the anhydrous ammonia detected in the air tank that was
recovered from the bed of his truck. 
Appellant further contends the evidence failed to establish he was in
exclusive possession of the vehicle in which the air tank was found. 








In conducting a legal sufficiency review, this Court
must look at the evidence in the light most favorable to the jury verdict and
consider whether any rational trier of fact could have found all the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319-20
(1979).  In doing so, we consider all the
evidence admitted that will sustain the conviction, including improperly
admitted evidence.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001). 
The standard is the same for both direct and circumstantial evidence.
 Earhart v. State, 823
S.W.2d 607, 616 (Tex. Crim. App. 1991) (en banc).  Questions concerning the credibility of
witnesses and the weight to be given their testimony are to be resolved by the
trier of fact.  Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998).

On appeal, we measure
the legal sufficiency of the evidence in a jury trial by the elements of the
offense as defined by a hypothetically correct jury charge for the case.  See Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  Such a charge
accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the particular
offense for which the defendant is being tried. 
Id.; see Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim.
App. 2000).  








In this case, we must
decide whether a rational trier of fact could have found beyond a reasonable
doubt that appellant, with intent to unlawfully manufacture a controlled
substance, possessed anhydrous ammonia.  See
Tex. Health & Safety Code Ann. ' 481.124.  Moreover, while the statute does not by its
terms require knowing possession of any anhydrous ammonia, Amere omission of an
element cannot be construed to plainly dispense with one.@  Wooton v. State, 132 S.W.3d 80, 86 (Tex.
App.BHouston [14th Dist.]
2004, pet. ref'd) (citing Tex. Pen. Code
Ann. ' 6.02(b) (Vernon 2003) (stating that if definition
of offense does not prescribe mental state, one is required unless definition
plainly dispenses with any mental element)). 
Finally, although anhydrous ammonia is not specifically listed as a
controlled substance under the Texas Controlled Substances Act, case law
construing Apossession@ in the context of
knowing or intentional possession of a controlled substance is
instructive.  Id.








To prove unlawful
possession of a controlled substance, the State must prove the accused
exercised control, management, or care over the substance and was conscious of
his connection with it and knew what it was. 
Id. (citing Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995) (en banc)).  Whether
this evidence is direct or circumstantial, Ait must establish, to
the requisite level of confidence, that the accused=s connection with the
drug was more than just fortuitous.@  Poindexter v. State, 153 S.W.3d 402,
406 (Tex. Crim. App. 2005) (quoting Brown, 911 S.W.2d at 747).  Thus, when the accused is not in exclusive
possession of the place where the substance is found, it cannot be concluded
that the accused had knowledge of and control over the contraband unless there
are additional independent facts and circumstances which affirmatively link the
accused to the contraband.  Id.  This link need not be so strong that it
excludes every other outstanding reasonable hypothesis except the defendant=s guilt.  Brown, 911 S.W.2d at 748.  Among such additional factors that can
establish the affirmative link are (1) whether the contraband was in plain view,
(2) whether the accused was the owner or driver of the automobile in which the
contraband was found, (3) whether the contraband was found in close proximity
to the accused, (4)  whether a strong
residual odor of the contraband was present, (5) whether the accused possessed
other contraband when arrested, (6) whether paraphernalia to use the contraband
was in view, or found on the accused, and (7) whether the accused attempted to
escape or flee.  Lassaint v. State, 79
S.W.3d 736, 740-41 (Tex. App.CCorpus Christi 2002,
no pet.).  

At trial, police
testified that appellant=s truck was spotted at
the motel where the methamphetamine lab was found.  A clerk at the motel informed police that the
room containing the methamphetamine lab was appellant=s room.  Police testified that at the time they
arrived, appellant was carrying contraband, including a gas mask, which can be
used in the construction of a methamphetamine lab.  Testimony also established that there was a
strong odor coming from the contraband appellant was carrying.  Other paraphernalia was in plain view of
appellant.  A tank containing anhydrous
ammonia vapors, used in the making of methamphetamine labs, was found in the
back of appellant=s truck.  The tank was not an authorized container for
the anhydrous ammonia but had been modified to aid in the making of
methamphetamine.  Also, the resident of
the address where appellant was arrested after having fled from the police knew
that a methamphetamine lab was being set up in a room at the motel. 








Viewing the evidence
in the light most favorable to the verdict, we find that the direct and
circumstantial evidence, along with additional independent facts, could have
led a rational jury to determine beyond a reasonable doubt that appellant
committed the offense of possession of anhydrous ammonia with intent to
unlawfully manufacture a controlled substance. 
See Jackson, 443 U.S. at 319-20; Earhart, 823 S.W.2d at
616.  From this record the evidence is
legally sufficient to establish that appellant knew of the existence and
unlawful nature of the anhydrous ammonia detected in the air tank recovered
from the bed of his truck and that he was in exclusive possession of the
vehicle in which the air tank was found. 
We overrule appellant=s first point of
error. 

B.  Factual Insufficiency

By his second point of
error, appellant contends that the evidence is factually insufficient to
support his conviction because the evidence failed to show that he possessed
anhydrous ammonia with the intent to unlawfully manufacture a controlled
substance.  Thus, he urges that the jury=s decision was so
contrary to the weight of the evidence as to be clearly wrong and manifestly
unjust.

In a factual
sufficiency review, the evidence is viewed in a neutral light, favoring neither
party.  Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996). 
In this neutral light, the Court determines whether Athe proof of guilt is
so obviously weak as to undermine confidence in the jury=s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.@  Swearingen v. State, 101 S.W.3d 89, 97
(Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000) (en banc)).  We are not
bound to view the evidence in the light most favorable to the verdict and may
consider the testimony of all the witnesses.  Johnson, 23 S.W.3d at 10-12.  We also measure the factual sufficiency of
the evidence by the elements of the offense as defined by a hypothetically
correct jury charge for the case.  See
Adi v. State, 94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002,
pet. ref=d).  The jury
is the sole judge of the credibility of the witnesses, and the weight to be
given to the evidence.  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997).








Appellant asserts that
the State cannot affirmatively link him to the illegal substance because he was
already in custody when the air tank was found in his truck.  Additionally, he contends that the first
officer to arrive at the residence testified that there was nobody in appellant=s vehicle at the time
of the officer=s arrival, and
therefore, there is no evidence that appellant was actually driving the vehicle
so as to have exercised sole care, control and management of it.  Appellant further contends that although the
vehicle was registered to him, he had not been the sole occupant in the vehicle
and he was not determined to have been the driver.

In light of the above
stated evidence produced at trial, we conclude that the proof of guilt is not
so obviously weak as to undermine confidence in the jury=s determination nor is
the proof of guilt outweighed by contrary evidence.  See Swearingen, 101 S.W.3d at 97.  Any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Johnson, 23 S.W.3d at 7.  Thus, the evidence is also factually
sufficient to support the verdict.  We
overrule appellant=s second point of
error.

C.  Ineffective Assistance of Counsel








By his third point of
error, appellant complains of ineffective assistance of counsel.  The United States Supreme Court and the Texas
Court of Criminal Appeals have promulgated a two-prong test to determine
whether representation was so inadequate that it violated a defendant's sixth
amendment right to counsel.  See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State,
726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986) (en banc); Munoz v. State,
24 S.W.3d 427, 433 (Tex. App.CCorpus Christi 2000,
no pet.).  To establish
ineffective assistance of counsel, appellant must show:  (1) his attorney's representation fell below
an objective standard of reasonableness and, (2) there is a
reasonable probability that, but for his attorney's errors, the result of
the proceeding would have been different. 
Strickland, 466 U.S. at 687; Stone v. State,17 S.W.3d 348,
349-50 (Tex. App.BCorpus Christi 2000,
pet. ref=d).

     Appellant bears the burden of proving
ineffective assistance of counsel by a preponderance of the evidence.  See Munoz, 24 S.W.3d at 434; Stone,
17 S.W.3d at 350.  An allegation of
ineffective assistance of counsel will only be sustained if it is firmly
founded, and the record affirmatively demonstrates counsel's alleged
ineffectiveness.  Guzman v. State,
923 S.W.2d 792, 797 (Tex. App.CCorpus Christi 1996,
no pet.).








There is a strong
presumption that counsel's conduct falls within the wide range of reasonable
professional assistance.  Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).  Trial counsel should ordinarily be afforded
an opportunity to explain his actions before being denounced as ineffective and
an appellate court will not find ineffectiveness based on speculation.  Bone v. State, 77 S.W.3d 828,
835-36 (Tex. Crim. App. 2002); Henderson v. State, 29 S.W.3d 616, 624
(Tex. App.BHouston [1st Dist.] 2000, pet. ref=d).  In the absence of evidence of counsel's
reasons for the challenged conduct, an appellate court will assume a strategic
motivation and will not conclude that the conduct was deficient unless the
conduct was so outrageous that no competent attorney would have engaged in
it.  Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999).

Appellant contends
that his trial counsel was ineffective because he failed to call a material
witness, Rocky Crossland, who was allegedly available at the time of trial and
whose testimony would have allegedly changed the outcome of appellant=s trial.  Appellant asserts that his trial counsel
failed to properly investigate and use due diligence to bench warrant Crossland
to testify on appellant=s behalf.  








Although counsel filed
a motion for new trial, no hearing was held on the motion.  Attached to the motion was a letter from
Crossland stating that appellant had nothing to do with the illegal substance.  Also attached to the motion was trial counsel=s affidavit wherein he
concluded appellant received ineffective assistance of counsel due to his
failure to call a material witness for the defense.[1]  However, an affidavit attached to a motion is
but a pleading that authorizes the introduction of supporting evidence.  Stephenson v. State, 494 S.W.2d 900,
909-10 (Tex. Crim. App. 1973); Martins v. State, 52 S.W.3d 459, 468
(Tex. App.CCorpus Christi 2001, no pet.).  It is not evidence in itself, and in order to
constitute evidence it needs to be introduced as such at a hearing on the
motion.  Stephenson, 494 S.W.2d at
910.  Additionally, with claims of
ineffective assistance of counsel, it is particularly important that
memories and positions of interested parties, such as trial counsel in
this case, be tested in the crucible of cross-examination.  See Charles v. State, 146 S.W.3d 204,
210 (Tex. Crim. App. 2004).








Nonetheless, even
assuming without deciding that the trial counsel=s affidavit was
properly before the trial court, we conclude appellant has failed to show he
received ineffective assistance of counsel. 
In the present case, defense counsel bench warranted Crossland to appear
to testify; therefore, counsel knew of Crossland=s existence and his
availability as a witness.  Defense
counsel also had a copy of the letter written by Crossland claiming full
responsibility for the illegal substances. 
At trial, when asked by the trial court if he would call Crossland to
testify, defense counsel stated he had not yet decided.  Therefore, because defense counsel knew how
Crossland would testify and contemplated calling him as a witness, it can be
assumed that not calling Crossland as a witness was a part of the defense
strategy.  In his affidavit, while
concluding that he gave ineffective assistance, counsel offers no reason why he
chose not to call Crossland as a witness. 
Although appellant filed a motion for a new trial, there was no hearing
on the motion and, therefore, no testimonial record of counsel=s reasons for not
calling the witness.  See Stephenson, 494
S.W.2d at 909-10; Martins, 52 S.W.3d at 468.  Thus, we conclude appellant has not shown his
counsel=s actions fell below an objective standard of
reasonableness.  See Strickland,
466 U.S. at 687.    Furthermore, even
assuming that trial counsel's representation was ineffective, appellant has not
satisfied the second prong of Strickland.  Id. 
Considering all the evidence presented supporting his conviction, it is
unlikely, in this case, that Crossland=s testimony  would have produced a different outcome.  Id. 
Thus, we also conclude that appellant has not shown there is a
reasonable probability that, but for his attorney's errors, the result of the
proceeding would have been different.  Id. 
Appellant's third point of error is overruled.

Additionally, we note
that although appellant's attempt at a direct appeal has been unsuccessful, he
is not without a potential remedy.  Challenges requiring
development of a record to substantiate a claim such as ineffective assistance
of counsel may be raised in an application for writ of habeas corpus.  See Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); Cooper v. State,
45 S.W.3d 77, 82 (Tex. Crim. App. 2001); Ex parte Torres, 943 S.W.2d
469, 476 (Tex. Crim. App. 1997).

III. 
CONCLUSION

Accordingly, the judgment of the trial court is
affirmed. 

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and 

filed this the 4th day of August, 2005.

 











[1]
We note counsel also
concludes he was ineffective because he did not properly advise appellant to
elect to have a jury rather than the judge assess punishment.  However, appellant does not complain of
ineffective assistance on this basis.