

# NUMBER 13-07-00085-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**KELLY KATHRYN GARCIA,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                    **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Memorandum Opinion by Justice Rodriguez**

A jury convicted appellant, Kelly Kathryn Garcia, of intoxication manslaughter and

intoxication assault.  *See* TEX. PENAL CODE ANN. §§ 49.07, 49.08 (Vernon Supp. 2007).

The jury sentenced appellant to nine years' confinement for each count.  By one issue,

appellant contends her trial counsel rendered ineffective assistance of counsel by failing to object to the State's closing argument during the punishment phase of trial. We affirm.

## I. Background

A jury found appellant guilty of intoxication manslaughter and intoxication assault. At the punishment stage, the State presented testimony from the family of the deceased victim; appellant provided testimony of several character witnesses and Judy Randolph, a deputy director of the Nueces County Community Supervision and Corrections Office. During cross-examination, Randolph explained that a person who has been convicted of driving while intoxicated (DWI) one, two, or three times is eligible for community supervision.

In closing arguments, appellant asked for community supervision, and the State argued for time in prison. The State argued, in relevant part, the following:

> I understand this is going to be a tough decision for this jury, and it should be a tough decision, but deterrence is also a factor. What is your verdict going to say?
>
> . . . .
>
> There's a difference for [sic] being eligible for probation and being worthy of probation. What did this defendant do to prove to the members of this community that she deserves an opportunity? She made her choices. She didn't wade into the pool. She jumped right into the deep end. That's what she chose to do.
>
> Probation Department came in here and they told you, first time you get arrested for D.W.I., 90 plus percent you're going to get probation. Second time you get arrested for D.W.I., you're going to get probation. The third time you get arrested for D.W.I., it's a felony. But, I don't have any felony convictions, so I'm eligible for probation, and that's what I get. Everybody's heard the story and the slogan, "You booze, you loose [sic]. You drink, you drive, you go to jail." There's more to that story. You get convicted, you get probation. You drink, you drive, again, you go to jail. You

2

get convicted. You get probation. You drink, you drive, you get convicted a third time, you get probation.

Where is the, "You drink, you drive, you kill somebody?" Where is that? Is that probation? No, not in this society. That's not who I want on my highways, and I hope that's not who you-all want on yours.

. . . .

I think when you take another person's life after if [sic] you've made the decision to drink and drive, you're not worthy of probation. You had an opportunity to think about that and you chose not to.

I think this Defendant needs to be sent to prison. I think as jury members of this community, you need to let everybody know there's a new slogan on that billboard. You want to drink and drive, that's fine, but if you risk my life. . . .

The jury assessed sentences of nine years' confinement on each count in the Institutional Division of the Texas Department of Criminal Justice. The trial court ordered that the sentences run concurrently. A motion for new trial, which did not raise the issue of ineffective assistance of counsel, was filed and overruled by operation of law.

## II. Standard of Review

To prevail on an ineffective assistance of counsel claim, an appellant must prove by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different. *Strickland v. State*, 466 U.S. 668, 687, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). An allegation of ineffective assistance of counsel must be firmly founded in the record affirmatively showing the alleged ineffectiveness. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Guzman v. State*, 923 S.W.2d 792, 797 (Tex. App.–Corpus Christi 1996, no pet.).

There is a strong presumption that counsel acted reasonably when the record is silent regarding the motivation of counsel's tactical or strategic decisions. *Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A record that does not include counsel's explanation for his conduct is insufficient to overcome the presumption of reasonableness. *Goodspeed*, 187 S.W.3d at 392.

> As a general rule, one should not raise an issue of ineffective assistance of counsel on direct appeal. This is so because a trial record is generally insufficient to address claims of ineffective assistance of counsel in light of the strong presumption that (trial) counsel's conduct falls within the wide range of reasonable professional assistance.

*Mata v. State*, 226 S.W.3d 425, 430 n.14 (Tex. Crim App. 2007) (quotations omitted). Without an explanation of trial counsel's actions in the record, the appellate court should not "find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

In her sole issue, appellant asserts that trial counsel was ineffective by failing to object to the portion of the State's closing argument against sentences of probation. Appellant argues that by telling the jury that someone with multiple DWI convictions is eligible to receive probation, the State implied that appellant had prior DWI convictions. However, in the context of the entire jury argument, it can be reasonably inferred that the State was summarizing evidence presented during Randolph's testimony or engaging in a plea for law enforcement. Moreover, to the extent that the State's closing argument was potentially confusing, "[p]ossible confusion by the jury . . . is insufficient in and of itself to show that trial counsel's performance was ineffective for neglecting to address that

4

confusion." *See Mata*, 226 S.W.3d at 431-33. Trial counsel's failure to object was not so outrageous that no competent attorney would have done likewise. *See Goodspeed*, 187 S.W.3d at 392. Therefore, appellant has not proven by a preponderance of the evidence that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for trial counsel's acts or omissions, the result would have been different. *See Strickland*, 466 U.S. at 687, 694; *Thompson*, 9 S.W.3d at 812; *Hernandez*, 726 S.W.2d at 55. We overrule appellant's sole issue.

## III. Conclusion

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 22nd day of May, 2008.

5