NO. 07-11-0356-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 10, 2012

_____

REGINALD DORRELL DEARY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-423,368; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Reginald Dorrell Deary, appeals from the trial court's order denying his motion for post-conviction DNA testing. He contends that the decision was erroneous because 1) identity was an issue, and 2) current DNA testing procedures are more probative than those used at the time of the initial testing in the case. We affirm the order.

Statute obligates one seeking post-conviction forensic DNA testing to accompany the motion with "an affidavit, sworn to by the convicted person, containing statements of

fact in support of the motion." TEX. CODE CRIM. PROC. ANN. art. 64.01(a)(2) (a-1) (West Supp. 2011). No such affidavit accompanied either of the motions filed at bar. This omission is of import because the legislature contemplated that "a post-conviction proceeding with submissions of affidavits from the applicant and a written response from the State, rather than an evidentiary hearing," would be the way to dispose of the request. *Haynes v. State*, No. 14-02-01195-CR, 2003 Tex. App. LEXIS 8590 *3-4 (Tex. App.–Houston [14th Dist.] October 7, 2003, pet. ref'd) (not designated for publication). Without such an affidavit containing factual statements supporting the motion, we cannot say that appellant carried his burden to prove by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing and the request was not made to unreasonably delay execution of the sentence or the administration of justice. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A & B) (West Supp. 2011). And, because statements contained in briefs are not evidence, *Guzman v. State,* 923 S.W.2d 792, 796 (Tex. App.–Corpus Christi 1996, no pet.), utterances contained in the briefs submitted by appellant and the State do not fill the void.

Accordingly, the order is affirmed.


Brian Quinn
Chief Justice

Do not publish.


2