**Robert CANNON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 52025.**

Court of Criminal Appeals of Texas.

May 19, 1976.

OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

On June 13, 1975, appellant plead guilty before the court and was convicted of burglary. Punishment was assessed at eight years, probated. Condition (a) of the probation order was that appellant commit no offense against the laws of this State or any other State or of the United States.

On July 8, 1975, the State filed a motion to revoke appellant's probation, alleging that on July 3, 1975, within the period of probation, he committed the offense of burglary of a building owned by Gary Gwyn. At the hearing of said motion held July 21, 1975, appellant plead "guilty" to the burglary alleged, and after he was duly and fully admonished of the consequences his plea was accepted by the court.

Appellant testified at the hearing, fully admitting his guilt of the burglary alleged in the State's motion. His purpose in testifying, as reflected in his evidence, was to convince the trial court that in revoking probation the punishment should be reduced from eight years to some lower figure. He testified that his use of heroin had been the cause of his criminal conduct, and that he had withdrawn from his addiction to narcotics while in jail, and that if his punishment was reduced it would give him a greater opportunity to rehabilitate himself. His mother and sister testified that they would be ready, willing and able to help him with his problems when he was released from custody.

Appellant's sole ground of error is that the trial court erred in not reducing the original punishment.

Article 42.12, Section 8(a), V.A.C.C.P., as amended in 1973 reads in part:

".   .   . If probation is revoked, the court may proceed to dispose of the case as if there had been no probation, or *if it determines that the best interests of society and the probationer would be served by a shorter term of imprisonment*, reduce the term of imprisonment originally assessed to any term of imprisonment not less than the minimum prescribed for the offense of which the probationer was convicted." (Emphasis added)

With reference to the above amendment to Section 8(a), supra, this Court in footnote 1 in *Burson v. State*, 511 S.W.2d 948, said:

"Prior to this amendment to said Section 8(a) (Acts 1973, 63rd Leg., Ch. 464, p. 1269, effective June 14, 1973) the reduction of punishment, if any, was governed by the provisions of Section 7 of Article

42.12, supra, and decisions of this court interpreting the same. It was held under these decisions that if the probationer had served two years or one-third of his probationary period at the time of revocation the court could reduce the punishment imposed. See *Smith v. State*, 399 S.W.2d 557 (Tex.Cr.App.1966); *Avalos v. State*, 480 S.W.2d 382 (Tex.Cr.App.1972) (footnote # 3). On the other hand, if the probationer had not served two years nor one-third of his probationary term at the time of revocation, reduction of punishment was improper. *Smith v. State*, supra; *De Leon v. State*, 466 S.W.2d 573 (Tex.Cr.App.1971), and cases there cited; *Maddox v. State*, 466 S.W.2d 755 (Tex.Cr.App.1971); *Melvin v. State*, 471 S.W.2d 853 (Tex.Cr.App.1971)."

See also *Beshear v. State*, 169 Tex.Cr.R. 131, 332 S.W.2d 724.

■    The amendment of 1973, supra, gave the trial court authority, on revocation of probation, to reduce the original punishment to a term not less than the minimum prescribed for the offense of which the probationer was convicted without any limitation of the probationary period he had served. See *Batiste v. State*, Tex.Cr.App., 530 S.W.2d 588. However, it is clear from the portion of the amendment emphasized above that such reduction was left to the sound discretion of the trial court.

■    The evidence establishes that within less than a month after appellant was placed on probation following his conviction of burglary he admittedly burglarized another building. The record reflects no abuse of discretion in the failure of the trial court to reduce the term of punishment originally assessed.

The judgment is affirmed.

Opinion approved by the Court.