IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-627-CR





ERNEST HERRERA SALAZAR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. 10,237, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 





PER CURIAM

 In 1985, appellant was convicted of aggravated sexual assault of a child and
sentenced to imprisonment for ten years. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3,
1983 Tex. Gen. Laws 5311, 5315 (Tex. Penal Code Ann. § 22.021, since amended). The district
court subsequently suspended further imposition of sentence and placed appellant on probation. 
In November 1992, the district court revoked appellant's probation on the State's motion and
reimposed sentence. 

 In his only point of error, appellant urges that the district court should have
continued him on probation, or at least reduced the sentence imposed, because the probation
violations proved were minor and because he successfully completed almost seven years of
probation. Once a violation of the conditions of probation is shown, the decision to revoke or
continue probation is left to the "substantially absolute" discretion of the trial court. Flournoy v.
State, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). The decision whether to reduce the term
of imprisonment originally assessed is also left to the discretion of the trial court. Cannon v.
State, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976). No abuse of discretion is shown in this cause.

 Appellant also urges, and the State concedes, that he has not been given credit for
the time he spent in prison prior to shock probation and for the time he was in jail following his
arrest for the probation violations. See Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West
Supp. 1994). The order revoking probation is reformed to reflect a time credit of 114 days
against the sentence. In all other respects, the point of error is overruled.

 As reformed, the order revoking probation is affirmed.


Before Justices Powers, Aboussie and Jones

Reformed and, as Reformed, Affirmed

Filed: June 29, 1994

Do Not Publish