NO

















NO. 12-05-00353-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

CLARA FAIZON,                                                     §          APPEAL FROM THE 159TH

APPELLANT

 

V.                                                                                §          JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                               §          ANGELINA COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Clara Faizon
appeals the trial court’s order revoking community supervision.  On appeal, Appellant contends that the trial
court violated her right to due process and fundamental fairness by failing to
consider mitigation evidence of alcohol addiction and that her punishment was
disproportionate to the underlying offense and allegations upon
revocation.  We affirm.

 

Background








            Appellant
pleaded guilty to the offense of theft by check of the value of $1,500 or more,
but less than $20,000.  See Tex. Pen. Code Ann. § 31.03(a),
(e)(4)(A) (Vernon
Supp. 2005).  The trial court sentenced
Appellant to two years in a state jail facility, but probated the sentence and
placed Appellant on community supervision for four years.  See Tex.
Pen. Code Ann. § 12.35 (Vernon 2003). 
The trial court further imposed a $500 fine and ordered Appellant to pay
restitution. Appellant was ordered not to violate the terms and conditions of
her community supervision that included committing no offense against the laws
of this State or of any other State or of the United States; avoiding injurious
or vicious habits (including use of narcotics or habit forming drugs and
alcoholic beverages); reporting to the supervision officer as directed by the judge
or supervision officer on the first day of each month until discharged from
community supervision; and paying her fine, costs, supervision fee,
reimbursement of appointed counsel, and restitution.  The trial court later imposed an additional
term of probation requiring Appellant to successfully complete a residential
treatment program for substance abuse, participate in and successfully complete
an aftercare program, and participate in and successfully complete a treatment
alternative to incarceration program.

            On
August 29, 2005, the State filed a motion to revoke Appellant’s probation,
alleging that she violated the rules of her community supervision by
intentionally or knowingly committing the offense of theft on May 20, 2005,
failing to report to the community supervision officer, failing to make monthly
supervision fee payments, failing to make payments for the court costs, fine,
and restitution, and failing to attend and successfully complete the treatment
alternative to incarceration program.  A hearing
on the motion to revoke was held on October 5. 
Appellant pleaded “true” to the first allegation in the motion to
revoke, namely that she violated the rules of community supervision by
intentionally or knowingly committing the offense of theft on May 20 in
Angelina County, Texas.  However,
Appellant pleaded “not true” to the other allegations.  At the conclusion of the hearing, the trial
court accepted Appellant’s plea of “true” to the first allegation in the State’s
motion.  The trial court rejected
Appellant’s pleas of “not true” to the other allegations, finding them to be “true.”[1]  Thus, the trial court revoked Appellant’s
community supervision and assessed her punishment at two years in a state jail
facility.  This appeal followed.

 

Mitigating
Evidence

            As
part of her sole issue on appeal, Appellant contends that the trial court violated
her right to due process and fundamental fairness by failing to consider
mitigation evidence relating to her alcohol addiction.  The State disagrees, arguing that even if the
trial court failed to fully and properly consider Appellant’s mitigating evidence,
any error is harmless.  It is a denial of
due process for the trial court to arbitrarily refuse to consider the entire
range of punishment for an offense or to refuse to consider the evidence and
impose a predetermined punishment.  McClenan
v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983); Jefferson
v. State, 803 S.W.2d 470, 471 (Tex. App.–Dallas 1991, pet. ref’d).  However, in order to present a complaint for
appellate review, the record must show that a complaint was made to the trial
court by a timely request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1).  This rule
applies to errors of constitutional dimension. 
Cole v. State, 931 S.W.2d 578, 580 (Tex. App.–Dallas 1995,
pet. ref’d).  In this case, Appellant did
not object to the punishment assessed at the revocation hearing.  Therefore, we conclude that Appellant’s
failure to object waived any error.  See
Tex. R. App. P. 33.1; Cole,
931 S.W.2d at 580. 

            Even
if Appellant had not waived her complaint, the trial court did not deny her
right to due process or fundamental fairness by imposing the original sentence
assessed.  In court ordered community
supervision, the trial court assesses punishment before it grants community
supervision. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 3(a) (Vernon
Supp. 2005); Wiltz v. State, 863 S.W.2d 463, 465 (Tex. Crim. App.
1993); Williams v. State, No. 13-00-751-CR, 2002 WL 229721, at *1
(Tex. App.–Corpus
Christi Feb. 14, 2002, no pet.) (not designated for publication).  The order granting community supervision
suspends the imposition of the sentence until the probationer violates the
terms of her community supervision or successfully completes her probationary
period.  See Tex. Code Crim. Proc. Ann. art. 42.12, §
3(a); Wiltz, 863 S.W.2d at 465. 
If community supervision is revoked, the trial court may proceed to
dispose of the case as if there had been no community supervision.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp. 2005).  The trial court may impose the sentence
originally assessed.  Guzman v.
State, 923 S.W.2d 792, 799 (Tex. App.–Corpus Christi 1996, no
pet.).  The trial court may also reduce
the term of confinement originally assessed. 
Tex. Code Crim. Proc. Ann. art.
42.12, § 23(a).  Any decision to reduce the
defendant’s sentence is left to the sound discretion of the trial court. See
Cannon v. State, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976); Williams,
2002 WL 229721, at *1.  We review its
decision under an abuse of discretion.  See
Cannon, 537 S.W.2d at 32; Williams, 2002 WL 229721 at
*1.








            Appellant
complains that the trial court failed to consider and properly weigh her
mitigating evidence in assessing punishment at the probation revocation
hearing.  However, Appellant offers no
evidence that the trial court did not consider evidence of mitigating circumstances
presented during the revocation hearing. 
In fact, Appellant an Angelina
 County probation officer
testified regarding Appellant’s alcohol addiction, treatment for the addiction,
and her health problems likely caused by such addiction.  The evidence also indicated that Appellant
did not complete an aftercare program after inpatient treatment for alcohol
addiction and that she continued to use alcohol, all in violation of the terms
of her community supervision.  Based upon
the record before us, we cannot conclude that the trial court did not consider
mitigation evidence or that it abused its discretion in imposing the sentence
originally assessed.  See Tex. Code Crim. Proc. Ann. art. 42.12, §
23(a);  Cannon, 537 S.W.2d
at 32; Guzman, 923 S.W.2d at 799. 
Appellant’s issue as it relates to mitigation evidence is overruled. 

 

Disproportionate
Punishment








            Appellant
also contends in her sole issue that her punishment was disproportionate to her
offense.  The State argues that Appellant
waived this issue because she did not object to the trial court.  In order to present a complaint for appellate
review, the record must show that a complaint was made to the trial court by a
timely request, objection, or motion.  Tex. R. App. P. 33.1(a)(1).  This rule applies to errors of constitutional
dimension.  Cole, 931
S.W.2d at 580.  In this case, Appellant
did not object regarding a disproportionate sentence.  Therefore, we conclude that Appellant’s
failure to object waived any error.  See
Tex. R. App. P.  33.1; Cole, 931 S.W.2d at 580. 

            However,
even absent waiver, we conclude that Appellant’s sentence was not grossly disproportionate.
According to Appellant, her sentence is Cannon, 537 S.W.2d at 32
disproportionate pursuant to the three part test originally set forth in Solem
v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983).  Under this test, the proportionality of a
sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the
same jurisdiction, and (3) the sentences imposed for commission of the same
crime in other jurisdictions.  Solem,
463 U.S. at 292, 103 S. Ct. at 3011. 
However, application of the Solem test has been modified
by Texas courts and the Fifth Circuit Court of Appeals, in light of the Supreme
Court’s decision in Harmelin v. Michigan, 501 U.S. 957, 111 S.
Ct. 2680, 115 L. Ed. 2d 836 (1991), to require a threshold determination that
the sentence is grossly disproportionate to the crime before addressing the
remaining elements.  See, e.g., McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849, 113
S. Ct. 146, 121 L. Ed. 2d 98 (1992); see also Jackson v. State,
989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).








            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estelle, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).[2] 
In Rummel, the Supreme Court addressed the proportionality
claim of an appellant who had received a mandatory life sentence under a prior
version of the Texas habitual offender statute for a conviction for obtaining
$120.75 by false pretenses.  Id., 445 U.S.
at 266, 100 S. Ct. at 1135.  The life sentence was imposed because the
appellant also had two prior felony convictions–one for fraudulent use of a
credit card to obtain $80 worth of goods or services and the other for passing
a forged check in the amount of $28.36.  Id., 445 U.S.
at 265-66, 100 S. Ct. at 1135-36.  After both recognizing the legislative
prerogative to classify offenses as felonies and considering the purpose of the
habitual offender statute, the court determined that the appellant’s mandatory
life sentence did not constitute cruel and unusual punishment.  Id.,
445 U.S. at 284-85, 100 S. Ct. at 1144-45. 

            In
this case, Appellant was convicted of theft by check of the value of $1,500 or
more, but less than $20,000.  Tex. Pen. Code Ann. § 31.03(a).  The punishment range for such an offense is
confinement in a state jail facility for any term of not more than two years or
less than 180 days and, in addition, a fine not to exceed $10,000. Id. §
12.35.  Appellant’s punishment was
assessed at two years of confinement in a state jail facility.  As such, Appellant’s offense was as serious,
if not more so, than the offenses committed by the appellant in Rummel,
while her two year sentence is far less severe than the life sentence upheld by
the Supreme Court in Rummel. Thus, it follows that if the
sentence in Rummel was not unconstitutionally disproportionate,
then neither is the sentence assessed against Appellant.  Therefore, because we do not conclude that
the threshold test was satisfied, we need not apply the remaining elements of
the Solem test. 
Accordingly, we overrule Appellant’s issue as it relates to the
proportionality of her sentence.

Disposition

            The
judgment of the trial court is affirmed.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered July 12, 2006.

Panel consisted
of Worthen, C.J. and Griffith, J.

 

 

(DO NOT PUBLISH)








 











 
 
 
 
 
 
 


 

 

 

 

 



[1] 

COURT OF APPEALS

TWELFTH COURT OF APPEALS
DISTRICT OF TEXAS

JUDGMENT

 

JULY 12, 2006

 

NO. 12-05-00353-CR

 

CLARA FAIZON,

Appellant

V.

THE STATE OF TEXAS,

Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



  Appeal from the 159th Judicial District Court

  of Angelina
County, Texas. (Tr.Ct.No. CR-23244)

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



                                    THIS
CAUSE came to be heard on the appellate record and briefs filed herein, and the
same being inspected, it is the opinion of this Court that there was no error
in the judgment.

                                    It
is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be in All Things Affirmed and that this decision be certified to
the court below for observance.

                                    James T.
Worthen, Chief Justice.

                                    Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

                                                

 

 








THE STATE OF TEXAS

M A N D A T E

*********************************************

 

 

TO THE 159TH JUDICIAL DISTRICT COURT
OF ANGELINA COUNTY, GREETINGS: 

 

            Before
our Court of Appeals for the 12th Court of Appeals District of Texas, on the
12th day of July, 2006, the cause upon appeal to revise or reverse your
judgment between

 

CLARA FAIZON,
Appellant

 

NO.
12-05-00353-CR; Trial Court No. CR-23,244

 

Opinion by James
T. Worthen, Chief Justice.

 

THE STATE OF TEXAS,
Appellee

 

was
determined; and therein our said Court made its order in these words:

 

            “THIS CAUSE came to be heard on the
appellate record and briefs filed herein, and the same being inspected, it is
the opinion of this Court that there was no error in the judgment.

 

            It is therefore ORDERED, ADJUDGED
and DECREED that the judgment of the court below Be in All Things Affirmed and that this decision be certified to the court below for
observance.”

 

            WHEREAS, WE COMMAND YOU to
observe the order of our said Court of Appeals for the Twelfth Court of Appeals
District of Texas in this behalf, and in all things have it duly recognized,
obeyed, and executed.

 

            WITNESS, THE HONORABLE JAMES T.
WORTHEN, Chief Justice of our Court of Appeals for the Twelfth Court of
Appeals District, with the Seal thereof affixed, at the City of Tyler, this the ______
day of __________________, 200____.








 

                                    CATHY
S. LUSK, CLERK

 

 

                                    By:_______________________________

                                         Deputy Clerk











[1] Although Appellant pleaded “true” to the first
allegation in the motion to revoke, the trial court’s judgment revoking
community supervision states that Appellant pleaded “not true” to the motion to
revoke.  In the judgment, the trial court
found that Appellant violated paragraph 1 of her community supervision, i.e.,
committing no offense against the laws of this State or of any other State or of
the United States.






[2] The Fifth Circuit has referred to Rummel
as a “handy guide” in conducting a proportionality review.  See McGruder, 954 F.2d at 317. 















 [1]J.1       CIVIL - AFFIRMED

                  Vanilla judgment

                  Appellant & Sureties to
pay costs