

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00147-CR

**DAVID SANDOVAL DOMINGUEZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F39208**

## MEMORANDUM  OPINION

David Sandoval Dominguez was originally charged and pled guilty to criminal non-support, a state jail felony. *See* TEX. PENAL CODE ANN. § 25.05 (Vernon 2003). He was sentenced to two years and placed on community supervision for 5 years. The State filed a motion to revoke Dominguez's community supervision, and after a contested hearing, the trial court revoked Dominguez's community supervision. He was then sentenced to two years in a state jail facility. Dominguez appeals. Because the trial court did not abuse its discretion in sentencing Dominguez, the trial court's judgment is affirmed.

On appeal, Dominguez does not challenge the trial court's decision to revoke his community supervision. Instead, he argues that the trial court abused its discretion in sentencing Dominguez to the maximum sentence of two years. Dominguez contends that the trial court should have continued Dominguez on community supervision or imposed a shorter term of confinement.

If community supervision is revoked, the trial court may proceed to dispose of the case as if there had been no community supervision, or if the court determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement to not less than the minimum for the offense. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp. 2008). This decision is left to the sound discretion of the trial court. *See Cannon v. State*, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976).

Dominguez had only reported one time since being placed on community supervision in 2005. At the revocation hearing, Dominguez stated he did not report because he was told that Johnson County had not transferred his community supervision to Travis County where he lived. Dominguez acknowledged that his community supervision was not accepted by Travis County because he did not have a permanent address. Dominguez was told to report back to Johnson County, but he did not. Dominguez also had not made any of the child support payments as ordered as a condition of his community supervision. He acknowledged, though, that he worked some and could have put some money toward the child support owed. The amount of child support not paid by Dominguez from the time he was placed on community

supervision in 2005 to the time of the revocation hearing in 2008 was over $50,000. Further, Dominguez did not perform any community service as required.

At the punishment hearing, the probation department representative told the Court that Dominguez could not attend a restitution center because he had a previous conviction for an assault-type offense for which he served time in a Wisconsin prison.

Based on a review of this record, the trial court did not abuse its discretion in sentencing Dominguez to the maximum sentence of two years in a state jail facility. Dominguez's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed March 25, 2009
Do not publish
[CR25]