In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-11-00660-CR**
**NO. 09-11-00661-CR**

_____

**BETH ELLEN DAVIDSON A/K/A BETH ELLEN ROBB, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 10-09715, 11-10842**

## MEMORANDUM OPINION

In carrying out plea agreements, Beth Ellen Davidson a/k/a Beth Ellen Robb, pled guilty to possession of a controlled substance, a third degree felony, and to delivery of a controlled substance, a state jail felony.[1] *See* Tex. Health & Safety Code Ann. §§ 481.104, 481.114(b), 481.117(c) (West 2010). The trial court found Davidson guilty, pronounced her sentences, suspended the sentences, and placed her on community

_____

[1]Each of these cases has been appealed separately; but because both cases present similar reporter's records and arguments, we resolve both appeals in this opinion.

1

supervision. Subsequently, in each case, the State asked that the trial judge revoke its order placing Davidson on community supervision. After finding in a hearing that Davidson violated the terms of her placement, the trial court revoked both of its community supervision orders.

Davidson appealed, and she raises the same three issues in each of her appeals. In issue one, Davidson contends that she was denied due process because the trial court predetermined her sentences. In issue two, Davidson asserts the trial court denied her a fair and impartial forum at the punishment hearing. In her third issue, Davidson argues that each of the sentences the trial court imposed on her constitutes a cruel and unusual punishment. In each of Davidson's appeals, we conclude that Davidson failed to preserve her issues for appellate review. We affirm the trial court's judgments.

The trial court placed Davidson on community supervision based on plea agreements that Davidson made with the State. After Davidson pled guilty to possessing a controlled substance, the trial court sentenced Davidson to ten years in prison, suspended her sentence, placed her on community supervision for ten years, and ordered her to pay a $1,000 fine. After Davidson pled guilty to delivery of a controlled substance, the trial court sentenced Davidson to two years in state jail, suspended her sentence, placed her on community supervision for five years, and ordered her to pay a $500 fine.

Subsequently, the State filed motions to revoke the community supervision orders. Each respective motion alleges that Davidson violated the terms of her community

supervision order by committing an additional offense and by using or possessing a drug. Davidson's pleas in response to the State's motions to revoke were heard in one hearing, and during the hearing, Davidson pled "true" to the allegation that in April 2011 she had amphetamines in her system, but she pled "untrue" to having committed an additional offense while on community supervision. Several weeks later, the trial court conducted a joint evidentiary hearing on the State's motions to revoke. After hearing the evidence, and based on the allegations in the State's motions, the trial court found that Davidson had violated the community supervision orders and revoked the community supervision order in each case. At the conclusion of the hearing, the trial court imposed a ten-year prison sentence in the possession case and imposed a two-year state jail sentence in the delivery case.

In her brief, Davidson has combined the arguments on her first two issues, both of which concern Davidson's punishment hearing. However, the record shows that during the hearing, Davidson never objected to the punishment the trial court pronounced; following the hearing, the record further reflects that Davidson did not file a motion for new trial. Because Davidson did not raise her complaints in the trial court, she failed to preserve these issues for our review. *See* Tex. R. App. P. 33.1(a)(1); *Rogers v. State*, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982) (second op. on reh'g) ("It is a general rule that appellate courts will not consider any error which counsel for accused could have called, but did not call, to the attention of the trial court at the time when such error could have

been avoided or corrected by the trial court."); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (failing to raise timely objection waived complaint that trial court failed to consider entire range of punishment); *Cole v. State*, 931 S.W.2d 578, 579-80 (Tex. App.—Dallas 1995, pet. ref'd) (holding that complaint regarding whether trial court predetermined defendant's sentence was waived when defendant failed to object to the trial court's action).

Additionally, the record shows that at Davidson's initial sentencing hearing, before she was placed on community supervision, Davidson did not complain that she had been denied due process. Following the sentencing proceeding, Davidson did not file an appeal. Davidson may not, after being sentenced and having her sentences suspended, wait until she violates the community supervision order to appeal her sentences. A "defendant placed on 'regular' community supervision may raise issues relating to the conviction . . . only in appeals taken when community supervision is originally imposed." *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *see* Tex. Code Crim. Proc. Ann. art. 42.12 § 23(b) (West Supp. 2012) ("The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision.").

Nor do Davidson's complaints that the trial court predetermined her ten and two year sentences have any merit. The trial court placed Davidson on court-ordered community supervision after pronouncing her guilty of the two crimes at issue. In court-

ordered community supervision cases, the trial court assesses punishment before it grants community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 3(a) (West Supp. 2012). The order granting community supervision suspends the imposition of the sentence until the defendant violates the terms of the trial court's community supervision order or the defendant successfully completes the supervision period. *See Wiltz v. State*, 863 S.W.2d 463, 465 (Tex. Crim. App. 1993); *see also* Tex. Code Crim. Proc. Ann. art. 42.12 § 3(a). If placed on community supervision, and if the community supervision order is revoked after the trial court finds the defendant guilty and pronounces sentence, the trial court may dispose of the case as if there had been no community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 23(a) (West Supp. 2012). Given the procedural history of this case, the trial court did not err by imposing the sentences it originally assessed. *Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi 1996, no pet.).

While in a traditional probation case the trial court may choose to reduce the term of confinement that it originally assessed, that decision is left to the trial court's sound discretion. Tex. Code Crim. Proc. Ann. art. 42.12 § 23(a); *Cannon v. State*, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976). The record does not show the trial court abused its discretion by deciding not to reduce Davidson's sentences.

To support her arguments on appeal, Davidson relies on *Howard v. State*, 830 S.W.2d 785 (Tex. App.—San Antonio 1992, pet. ref'd), and *Jefferson v. State*, 803

5

S.W.2d 470 (Tex. App.—Dallas 1991, pet. ref'd). Unlike this case, the two cases on which Davidson relies involved defendants who received deferred adjudication. In *Howard* and *Jefferson*, the trial court deferred pronouncing the defendants' guilt; in contrast, Davidson was adjudicated guilty, her sentences were pronounced, and the trial court then suspended her sentences. *See Howard*, 830 S.W.2d at 787; *Jefferson*, 803 S.W.2d at 470.

Davidson's cases are traditional probation cases. The trial court did not defer adjudicating Davidson's guilt; instead, in each case, the trial court accepted Davidson's plea of guilty, found her guilty of the offense, assessed her punishment, suspended her sentence, and placed her on community supervision. Davidson did not receive deferred adjudication. Because a defendant who is given deferred adjudication is not being found guilty and punishment is not then imposed, the trial court is not confined to its prior order; instead, if the defendant fails to fulfill the terms of the trial court's community supervision order, the trial court may consider the full range of punishment. *See Weed v. State*, 891 S.W.2d 22, 25 (Tex. App.—Fort Worth 1995, no pet.).

Davidson also complains the trial court did not consider evidence in mitigation of her sentence. However, the record does not reflect that the trial court refused to consider any of the evidence that Davidson offered. During the evidentiary hearing on the motion to revoke, Davidson's attorney called her as a witness, the State never objected to any of the questions that she was asked, and Davidson did not call any other witnesses to testify

on her behalf. Thus, the record shows the trial court provided Davidson an opportunity to present any evidence she wished to offer.

In summary, even had Davidson timely objected and preserved error, the record does not support Davidson's claim that the trial court denied her right to receive due process. Nevertheless, issues one and two were not properly preserved for our review and both issues in each of Davidson's appeals are overruled.

In issue three, Davidson argues that her sentences are disproportionate and constitute cruel and unusual punishments that violate the Eighth Amendment to the United States Constitution and the Texas Code of Criminal Procedure. *See* U.S. Const. amend. VIII; Tex. Code Crim. Proc. Ann. art. 1.09 (West 2005) (forbidding cruelty). The record shows that when her sentences were pronounced, Davidson did not complain about the length of her sentences. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (stating defendant forfeited complaint about his constitutional right to be free from cruel and unusual punishment by failing to raise objection in the trial court); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (noting defendant failed to preserve Eighth Amendment argument that he received disproportionate sentence). Because Davidson failed to timely object, Davidson has waived the complaints that she attempts to raise in issue three.

However, even had Davidson's complaints about the length of her sentences been properly preserved for appellate review, both of Davidson's sentences are within the statutorily authorized range of punishment for the two crimes at issue. *See* Tex. Health & Safety Code Ann. §§ 481.114(b), 481.117(c); *see also* Tex. Penal Code Ann. § 12.34 (West 2011), § 12.35 (West Supp. 2012).[2] Punishment is generally not considered excessive even when it is imposed at the statutory maximum. *See Gavin v. State*, No. 01-08-00881-CR, 2010 Tex. App. LEXIS 3862, at **20-21 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.) (not yet released for publication); *see also Holley v. State*, 167 S.W.3d 546, 549-50 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). A punishment that is within the statutory range for the offense is generally not excessive, nor considered to be constitutionally cruel or unusual. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Generally, a sentence that is within the statutory range of punishment established by the Legislature will not be disturbed on appeal. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

Davidson also failed to prove that her sentences were grossly disproportionate, as the record contains no evidence "reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison." *See Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). Because Davidson

---

[2]Because amended section 12.35 contains no material changes relevant to this case, we cite to the current version of the statute.

failed to preserve error regarding her complaints about the length of her sentences, we overrule issue three in each of Davidson's appeals.

Having overruled all of Davidson's issues in both appeals, we affirm the trial court's judgments.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 6, 2012
Opinion Delivered January 30, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.

9