

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00719-CR

Rose Ann **LOERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2004CR3589
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  October 9, 2013

AFFIRMED

Rose Ann Loera appeals the trial court's judgment, claiming the trial court abused its discretion in failing to reduce her sentence after revoking her community supervision. We affirm the trial court's judgment.

### BACKGROUND

In 2004, Loera pled nolo contendere to the offense of felony driving while intoxicated. The trial court found Loera guilty and sentenced her to five years confinement, probated for a period of six years. Loera's community supervision was extended twice, increasing her total period of

community supervision to eight years. Just shy of completing her eighth year of community supervision, the State filed a motion to revoke probation. During the hearing on the State's motion, Loera pled true to three violations of the terms of her community supervision, including failing to report to her supervision officer, failing to submit to drug testing, and consuming alcoholic beverages. The State waived the other alleged violations.

The probation department's recommendation was that Loera be placed at a Substance Abuse Felony Punishment Facility (SAFPF) or that her probation be revoked. The State asserted that if Loera did not want to be placed at a SAFPF, then her probation should be revoked. Loera's counsel informed the judge that Loera did not like either of these options because she wanted to complete her last year of school to become a medical assistant. Loera requested that she be continued on community supervision so she could complete her classes. The trial judge stated that he was willing to keep her on community supervision, but she would have to go to a SAFPF. After Loera's counsel indicated that he had communicated this option to Loera, the trial judge asked Loera: "Which one do you want, SAFPF or prison?" Loera did not respond. The trial court then ordered her to serve five years in prison.

## DISCUSSION

Once a trial court has revoked a defendant's community supervision, it may sentence her to the original term of years assessed or, "if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement," the judge may sentence the defendant to a shorter term of confinement than originally assessed, so long as it is not less than the minimum sentence required for the underlying offense. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (West Supp. 2012). We review a trial court's decision not to reduce a defendant's sentence after revoking the defendant's community supervision for an abuse of discretion. *Cannon*

*v. State*, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976); *Petty v. State*, 696 S.W.2d 635, 639-40 (Tex. App.—Dallas 1985, no pet.).

On appeal, Loera does not complain that the trial judge erred in revoking her community supervision but, instead, argues that the trial court abused its discretion in not sentencing her to a reduced sentence. Loera claims the trial court did not give her an opportunity to explain "why community supervision, instead of incarceration, was in society's best interest," but instead immediately announced its sentence after posing the question to Loera. If she had been given an opportunity to speak, Loera states she would have explained: (1) no supervision officer had been appointed to her case since April of 2012, so she had no officer to whom she could report; (2) she was unable to pay required fees because she recently lost her job due to health reasons; and (3) she had completed all but nine of her two-hundred community service hours. Loera also claims the trial court erred in not sentencing her to a reduced sentence because she was trying to act as a role model to her children and grandchildren, she was one year away from completing school to be a medical assistant, she was actively involved with her church, and she had not "picked up any new cases" while on community supervision.

Although the circumstances claimed by Loera, if true, may have led some judges to reduce her sentence, the trial court is the sole judge of the credibility of the witnesses in a revocation hearing. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). Further, we "must view the evidence in a light most favorable to the verdict." *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). After the trial judge stated he would continue Loera on probation if she went to a SAFPF, the trial judge asked Loera whether she wanted SAFPF or prison. The record reflects that Loera failed to respond. Viewing the evidence in favor of the court's ruling, we cannot say the trial court abused its discretion by sentencing Loera to the original term of confinement, especially given the nature of her original offense, her violations relating to potential substance

abuse, and her reluctance to accept placement at a SAFPF as a condition to being continued on probation. *See Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi 1996, no pet.).

## CONCLUSION

Because we conclude the trial court did not abuse its discretion in sentencing Loera to five years in prison, we affirm the judgment of the trial court.

Catherine Stone, Chief Justice

DO NOT PUBLISH