# NO. 12-14-00204-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AARON CLEMENT,* <br> *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Aaron Clement appeals the trial court's order revoking community supervision. In two issues, Appellant argues that the trial court failed to consider the full range of punishment, and that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with sexual assault. He pleaded "not guilty" to the offense, and the matter proceeded to a jury trial. The jury found Appellant guilty and assessed his punishment at imprisonment for five years, suspended for a period of ten years. Subsequently, the State filed an application to revoke Appellant's community supervision, alleging three violations of its terms. After hearing evidence, the trial court found two of the allegations true and imposed the five year prison sentence assessed by the jury. This appeal followed.

### FAILURE TO CONSIDER FULL RANGE OF PUNISHMENT

In Appellant's first issue, he contends that he was denied due process by the trial court's failure to consider the full range of punishment when imposing his sentence.

**Standard of Review and Applicable Law**

Due process requires a neutral and detached hearing body or officer. ***Gagnon v. Scarpelli***, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973). It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. ***McClenan v. State***, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). In the absence of a clear showing of bias, we will presume the trial judge was a neutral and detached officer. ***Earley v. State***, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, pet. dism'd). Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. ***Brumit v. State***, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

**Analysis**

In support of his argument that the trial court erred by not considering the full range of punishment, Appellant cites the following statements of the trial court:

> The jury spoke in the case, Mr. Clement. They said if you violated your probation, that you had a 5-year penitentiary sentence waiting on you; and that's been my rule since being on the bench.
>
> If we have jury trials and the jury's asked to make determinations and the probations are not lived up to—frankly, that's the sales pitch of the Defense to the jury is: The Judge can do all these bad things to this person if they violate probation, so you, jury, should rest assured that if you put them on probation and they don't live up to it, that they have swift consequences coming, or words to that effect, that general nature.
>
> I don't really recall Mr. Pace's argument in your case. But, obviously, he was successful in convincing the jury to put you on probation; as the State argued, doesn't seem to happen very often.
>
> Court does find the 5-year sentence the jury assessed under the case to be appropriate. Court imposes that sentence as was imposed by the jury.

Appellant argues that these statements indicate the trial court was "acting under a 'rule' by which it completely abdicate[d] its role to weigh the facts and law before it and its duty to consider the full range of punishment," thus denying him his right to due process under the law. We disagree.

2

When community supervision is revoked, a trial court may proceed to dispose of the case as if there had been no community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a) (West Supp. 2014). In other words, the judge may impose the sentence originally assessed. *Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi 1996, no pet.). Or, if the trial court determines that the best interests of society and the defendant would be served by a shorter term of confinement, it may reduce the term of confinement originally assessed to any term not less than the minimum prescribed for the offense. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a). Such reduction is left to the sound discretion of the trial court. *Cannon v. State*, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976).

In this case, at the hearing on the application to revoke, the trial court heard evidence from three witnesses and took judicial notice of its file, the prior hearings, and the presentence report before revoking Appellant's community supervision. After Appellant's community supervision was revoked, the trial court imposed the original five year sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a); *Guzman*, 923 S.W.2d at 799.

Appellant argues that imposing the original sentence was error because the jury did not hear the evidence relating to the revocation or the mitigating evidence presented at the hearing. However, none of the evidence adduced at the revocation hearing supports a reduction of punishment. The evidence showed that Appellant violated the terms of his community supervision by assaulting his girlfriend and by associating with a convicted criminal. The only evidence Appellant points to as mitigating is the evidence that the assault victim in the revocation case had recanted her accusation at one time. However, the trial court found the allegation to be true, thus implicitly finding the recantation false. Therefore, the recantation evidence does not support a reduction of punishment.

Although the trial court's statements seem to imply that it has a "rule" when revoking community supervision in jury cases to impose the original sentence, nothing in the record suggests that the trial court did not consider making an exception to the rule in the best interests of society and the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a). To the contrary, before imposing the original sentence, the trial court heard evidence and took judicial notice of the file, prior hearings, and presentence report. Thereafter, the trial court expressly found that the sentence assessed by the jury was appropriate.

The record reflects no abuse of discretion in the failure of the trial court to reduce the term of punishment originally assessed. *See* **Cannon**, 537 S.W.2d at 32. Accordingly, we overrule Appellant's first issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Appellant's second issue, he contends that his counsel was ineffective for failing to object to the trial court's refusal to consider the full range of punishment. We have held that the trial court did not err by imposing the original sentence upon revocation of Appellant's community supervision. Likewise, Appellant's counsel did not err by failing to object to the sentence. Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered .September 2, 2015
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 2, 2015

NO. 12-14-00204-CR

**AARON CLEMENT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-2136-06)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*