

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00287-CR
No. 02-22-00288-CR

———————————————

CHASE ANTHONY ZAAL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court Nos. CR20-00142, CR20-00143

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

## I. INTRODUCTION

As part of plea bargains, on August 26, 2022, Appellant Chase Anthony Zaal pleaded guilty to (1) the offense of possession of a controlled substance—methamphetamine—of less than one gram and (2) the offense of possession of a controlled substance—heroin—of less than one gram.[1] *See* Tex. Health & Safety Code Ann. § 481.115(b). Both offenses were state-jail felonies. *See id.* Additionally, as part of the plea bargains, Zaal pleaded true to both state-jail-felony-enhancement paragraphs. *See* Tex. Penal Code Ann. § 12.425(a). Following the plea bargains, for both offenses, the trial court found Zaal guilty, sentenced him to ten years' incarceration, suspended the sentence, and placed him on community supervision for five years. *See id.* § 12.34. Zaal did not appeal these judgments.

About a month later, on September 29, 2022, the State filed in both cases a motion to revoke Zaal's community supervision. About a month after that, on October 25, 2022, Zaal pleaded true to the allegations that he had violated the terms of his community supervision, and in both cases, the trial court revoked his community supervision and sentenced him to ten years' imprisonment. Zaal is appealing these judgments.

---

[1]The two offenses correspond to trial court cause numbers CR20-00142 and CR20-00143 and appellate cause numbers 02-22-00287-CR and 02-22-00288-CR, respectively.

In both appeals, Zaal raises the same two issues. He asserts that (1) the trial court violated his due process rights by not considering the full range of punishment and (2) the trial court sentenced him to confinement in violation of Section 1.02 of the Texas Penal Code. Because Zaal's first issue relies on portions of the record not relevant to the revocation proceedings, we overrule it. We overrule Zaal's second issue for lack of preservation. We affirm the trial court's judgments.

## II. PRELIMINARY MATTER

Both of Zaal's issues are premised on the idea that the trial court was assessing punishment at the October 2022 revocation hearing. At the revocation hearing in October 2022, however, the trial court was not addressing Zaal's sentences as a matter of first impression. In each case, Zaal had already accepted a plea bargain for a ten-year sentence in August 2022. Zaal's sentences—with Zaal's agreement and the trial court's approval—had been established at ten years in August 2022.

Despite the sentences assessed during the August 2022 plea hearing, the Texas Code of Criminal Procedure accorded the trial court some discretion at the revocation hearing. When revoking community supervision, the trial court had the authority to reduce the sentences. Tex. Code Crim. Proc. Ann. art. 42A.755(a)(1), (2).[2] Technically,

---

[2]In pertinent part, Article 42A.755 provides,

(a) If community supervision is revoked after a hearing under Article 42A.751(d), the judge may:

3

the question before us is whether the trial court abused its discretion under Article 42A.755(a)(1) and (2) by not reducing Zaal's sentences when revoking his community supervision. *See Cannon v. State*, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976) (stating that whether to reduce a defendant's sentence is left to the trial court's sound discretion); *Norris v. State*, No. 05-17-01237-CR, 2018 WL 5291967, at *2 (Tex. App.—Dallas Oct. 25, 2018, no pet.) (mem. op., not designated for publication) ("A trial court does not abuse its discretion by imposing the original sentence." (citing *Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi–Edinburg 1996, no pet.))).

### III. FIRST ISSUE

In Zaal's first issue, he contends, "The [t]rial [c]ourt violated [his] [d]ue [p]rocess rights by not considering the full punishment range." To support this contention, Zaal points to comments that the trial judge made at the August 25 and 26 plea hearings for the proposition that her comments displayed bias against him and to show that the trial judge refused to consider the entire range of punishment. Zaal's argument has no merit.

---

> (1) proceed to dispose of the case as if there had been no community supervision; or
>
> (2) if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted.

Tex. Code Crim. Proc. Ann. art. 42A.755(a)(1), (2).

## A. The Plea Hearings

Zaal and the State presented their plea bargain to the trial court at the August 25 and 26, 2022 hearings. The question at those hearings was whether the trial court would follow or reject their agreement, which entailed Zaal's pleading guilty to both offenses and receiving, in exchange, findings of guilt, ten-year sentences that would be suspended, and community supervision for five years. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2).

The trial court, however, balked at the plea bargain agreement. On August 25, the court stated that it found the plea bargain "disturbing" and commented,

> So in looking at the criminal history, nine felony arrests, five convictions, six -- he was placed on community supervision. Four of those show to be revoked. Nine misdemeanors, six of those convictions, four community supervisions, two revoked. I can think of very few defendants that I've seen that are less likely candidates for probation.

Because it was late in the day, the trial court continued the hearing.

When the hearing resumed on August 26, the trial court opened the proceedings with the comment, "[Regarding t]he . . . two cases where the State had offered probation, . . . the Court's first inclination was this was certainly not a probation case." By the end of the hearing, however, the trial court agreed to accept the plea bargain. Consequently, while the record shows that the trial court initially hesitated to accept the plea bargain, the record also shows that the trial court kept an open mind and, ultimately, approved it.

5

Additionally, Zaal did not appeal the trial court's August 2022 judgments finding him guilty, sentencing him to ten years' imprisonment, suspending his sentence, and placing him on community supervision for five years. And why would he? The trial court followed the plea bargain to which he and the State agreed. Because Zaal did not file a motion for new trial, the time to appeal the August 2022 orders expired in September 2022. *See* Tex. R. App. P. 26.2(a)(1). The merits of the August 2022 orders are thus not before us.

Zaal is appealing the trial court's October 2022 revocation judgments. As part of those appeals, he is attempting to use comments that the trial court made at the August 2022 plea hearings. An appeal from the revocation judgments is not the means through which Zaal may complain about the plea hearings. *See Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed."); *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) ("[I]ssues [relating to the conviction] may not be raised in appeals filed after 'regular' community supervision is revoked."); *Cazarez v. State*, 606 S.W.3d 549, 556 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (regular probation); *Serna v. State*, Nos. 05-08-01709-CR, 05-08-01710-CR, 2010 WL 188574, at *1 (Tex. App.—Dallas Jan. 21, 2010, no pet.) (mem. op., not designated for publication) (regular probation); *Velasquez v. State*, No. 05-96-01528-CR, 1999 WL 10389, at *1 (Tex. App.—Dallas Jan. 13, 1999, pet. ref'd, untimely filed) (not designated for publication) (regular

6

probation). The reporter's record from the plea hearing is not necessary to these appeals' resolution because Zaal cannot now appeal any issues relating to the plea proceedings. *See Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000). We hold that anything the trial court said at the plea hearings is immaterial to Zaal's appeal from the revocation judgments.

## B. The Revocation Hearing

Within Zaal's first issue, he also faults the trial court for finding the State's allegations true and immediately revoking his community supervision before hearing any punishment evidence. Zaal argues that the trial court should have simply found the allegations true and waited until after hearing the punishment evidence to decide whether to revoke his community supervision. Zaal maintains that the trial court should have kept open the options of sanctioning him, modifying the conditions of his community supervision, or extending the term of his community supervision before revoking it. Zaal correctly notes that after finding the allegations true and revoking his community supervision, the only issue that interested the trial court was whether to reduce the sentence. We are not persuaded.

A condition of Zaal's community supervision in both cases was that he had to report to a drug and alcohol rehabilitation facility and remain there until he had successfully completed the program. The State's motions to revoke alleged that Zaal had failed to complete his treatment at the designated facility, had entered a second treatment facility with the probation department's approval, and then had

7

subsequently been discharged from it "for not following direction[s], dishonesty[,] and threat[en]ing staff." These were the allegations to which Zaal pleaded true. A plea of true, standing alone, is sufficient to revoke community supervision. *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015). Thus, Zaal's pleas of true alone were sufficient to revoke his community supervision, especially where, as here, Zaal's violations went to the core of why Zaal was placed on community supervision in the first place—to receive treatment.

We overrule Zaal's first issue.

## IV. SECOND ISSUE

In Zaal's second issue, he argues, "The [t]rial [c]ourt sentenced [him] to confinement in violation of Section 1.02 of the Texas Penal Code." Among other things, Section 1.02 provides that one of the objectives of the Penal Code is to rehabilitate defendants. Tex. Penal Code Ann. § 1.02.[3]

---

[3]Section 1.02 provides,

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1) to insure the public safety through:

(A) the deterrent influence of the penalties hereinafter provided;

After hearing testimony from four witnesses and argument from both Zaal's and the State's attorneys, the trial court commented, "[Y]ou've had so many bites [at] the apple, we've gone through the whole orchard." The trial court concluded, "I have revoked your probation and . . . I see nothing, nothing, that justifies reducing it from the 10 years you agreed to get on August 26th, so my sentence is 10 years in both cases."

Zaal did not object to the ten-year sentences on this ground or any other ground. Nor did he file a motion for new trial identifying this complaint. Thus, he

---

(B) the rehabilitation of those convicted of violations of this code; and

(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4) to safeguard conduct that is without guilt from condemnation as criminal;

(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and

(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

Tex. Penal Code Ann. § 1.02.

9

failed to preserve this alleged error for our review. *See Sloas v. State*, Nos. 02-22-00001-CR, 02-22-00002-CR, 02-22-00003-CR, 2023 WL 1859942, at *2 (Tex. App.—Fort Worth Feb. 9, 2023, no pet.) (mem. op., not designated for publication); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

We overrule Zaal's second issue.

## V. CONCLUSION

Having overruled both of Zaal's issues in each appeal, we affirm both judgments.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 27, 2023