

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00041-CR

———————————————

KIMBERLY ANN STULL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1674766

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Kimberly Ann Stull appeals from the trial court's judgments revoking her probation for two offenses: tampering with a government record (Count One), *see* Tex. Penal Code Ann. § 37.10(c)(2)(A), and engaging in organized criminal activity with a predicate offense of fraudulently using or possessing identifying information (Count Two), *see id.* §§ 32.51, 71.02(a). Raising two issues, Stull argues (1) that the five-year sentence imposed in the revocation judgment on Count Two is illegal because it exceeds the term of confinement reflected in the original judgment of conviction for this offense[1] and (2) that the judgment revoking her probation on Count One erroneously classified this offense as a second-degree felony instead of a state-jail felony. Because the trial court abused its discretion by increasing the term of Stull's confinement for Count Two beyond the term originally assessed, we sustain her first issue, but because Count One is properly classified as a second-degree felony, we overrule her second issue.

### II. BACKGROUND

In March 2021, Stull was indicted for Counts One and Two. In July 2021, she pleaded guilty to both counts pursuant to a plea bargain. Under the terms of the plea

---

[1]As discussed below, Stull also asserts that the original judgment of conviction and the revocation judgment on Count Two erroneously classified this offense as a first-degree felony instead of a third-degree felony and should be reformed accordingly.

bargain, the State agreed to recommend that Stull would receive a two-year prison sentence probated for five years on Count One and a five-year prison sentence probated for five years on Count Two. However, while the judgment of conviction on Count Two classifies the offense as a first-degree felony and recites the terms of the plea bargain, it reflects a suspended prison sentence of only two years, not five years.

In March 2022, the State filed a petition to revoke Stull's probation in which it alleged that she had committed two violations of her probation terms and conditions. In February 2025, the trial court held a hearing on the State's revocation petition, and Stull pleaded "true" to the State's allegations. The trial court accepted Stull's pleas, found the State's allegations true, revoked Stull's probation, and sentenced her to two years in prison on Count One and five years in prison on Count Two. This appeal followed.

## III. DISCUSSION

### A. The Trial Court Erred by Increasing Stull's Sentence on Count Two

In her first issue, Stull contends that the five-year sentence imposed in the revocation judgment on Count Two is illegal because it exceeds the term of confinement reflected in the original judgment of conviction. Further, because both the original judgment of conviction and the revocation judgment classify Count Two as a first-degree felony and because the minimum sentence for a first-degree felony is five years, she contends that we should reform both judgments to reflect that she was

convicted of a third-degree felony. To support this latter contention, she points to the fact that the indictment's allegations do not support Count Two's classification as a first-degree felony.

For its part, the State argues that because this appeal was taken from the revocation judgment, we lack jurisdiction to consider the merits of Stull's first issue to the extent that it concerns the original judgment of conviction. *See Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001), *abrogated on other grounds by Wright v. State*, 506 S.W.3d 478, 482 (Tex. Crim. App. 2016); *Slaton v. State*, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998); *see also Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (explaining that issues relating to a defendant's original conviction may not be raised in appeals filed after the defendant's probation is revoked). But the State itself, asserting that the two-year sentence reflected in the original judgment of conviction on Count Two was a clerical error, asks us to modify that judgment to reflect a five-year sentence. Thus, both parties ask us to modify the original judgment of conviction—just in different ways. However, the State is correct that we lack jurisdiction over the original judgment of conviction. *See Nix*, 65 S.W.3d at 667–68; *Slaton*, 981 S.W.2d at 209. Thus, we must decline both parties' invitations to modify that judgment and instead focus our attention on the revocation judgment. *See Jaquez v. State*, No. 02-24-00165-CR, 2025 WL 1350043, at *2 (Tex. App.—Fort Worth May 8, 2025, no pet.) (mem. op., not designated for publication) (declining State's

4

request in appeal from revocation judgment to modify original judgment of conviction to correct a clerical error because the court lacked jurisdiction to do so).

When "regular" (as opposed to deferred-adjudication) probation is revoked, the trial court has two options. One option is to "proceed to dispose of the case as if there had been no" probation—i.e., impose the sentence originally assessed. Tex. Code Crim. Proc. Ann. art. 42A.755(a)(1); *see Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi 1996, no pet.). Alternatively, if the trial court "determines that the best interests of society and the defendant would be served by a shorter term of confinement," it may exercise its discretion to "reduce the term of confinement originally assessed to any term not less than the minimum prescribed for the offense." Tex. Code Crim. Proc. Ann. art. 42A.755(a)(2); *see Cannon v. State*, 537 S.W.2d 31, 32 (Tex. Crim. App. 1976) (interpreting prior version of statute with substantially similar language and stating that any reduction is left to the "sound discretion" of the trial court). But the trial court may not increase the term of confinement beyond the term originally assessed. *See* Tex. Code Crim. Proc. Ann. art. 42A.755(a); *Weed v. State*, 891 S.W.2d 22, 23–24 (Tex. App.—Fort Worth 1995, no pet.).

Because the original judgment of conviction reflects that Stull was sentenced to two years in prison, the trial court abused its discretion by increasing her term of confinement to five years when it revoked her probation. *See Weed*, 891 S.W.2d at 23–24. As noted, the State contends that the original two-year sentence was a clerical

5

error and asks us to modify the original judgment to reflect a five-year sentence instead, but because we jack jurisdiction over the original judgment, we must decline this request. *See Nix*, 65 S.W.3d at 667–68; *Slaton*, 981 S.W.2d at 209; *Jaquez*, 2025 WL 1350043, at *2.

And even if we had jurisdiction over the original judgment of conviction, we lack the necessary information to enable us to modify it. *See McLeod v. State*, 693 S.W.3d 634, 645 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd) (explaining that an appellate court has the authority to modify an incorrect judgment only "when it has the necessary information to do so"). We do not have the record from the original sentencing hearing; thus, we have no way to verify the sentence that the trial court actually pronounced. *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) ("A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement."); *see also Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) ("When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls."). The State emphasizes that the terms of the plea bargain specified that the State would recommend a five-year prison sentence probated for five years on Count Two. But the trial court was not bound by the State's plea agreement or recommendation as to punishment; thus, these terms do not show that the two-year sentence reflected in the

6

judgment was a clerical error.[2] *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2); *see also*

*Absalon v. State*, 460 S.W.3d 158, 162 (Tex. Crim. App. 2015) (recognizing that a plea

bargain "is essentially a contract between the defendant and the State" and "is not

binding on the court"). The State also points to the fact that the "Conditions of

Community Supervision" signed by the trial court recite that Stull had been placed on

probation "as an alternative to incarceration" after "having been sentenced *for* [*five*]

*years*" on Count Two. [Emphasis added.] But while this recitation is some evidence

that the trial court pronounced a five-year sentence on Count Two, it is far from

conclusive. We are left to speculate as to which recitation is erroneous—the one in

the judgment or the one in the community-supervision conditions.[3] *See Clark v. State*,

---

[2]If a plea bargain has been struck, the trial court must "inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea," and if the court rejects the agreement, the defendant must be given the opportunity to withdraw her plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2); *see Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009). But in the scenario presented here—in which the judgment reflects that the trial court assessed a lesser sentence than the one bargained for—it is highly unlikely that Stull would have wished to withdraw her plea.

[3]The State also asserts that the "shared understanding of [Stull], the State, and the trial court" during the revocation hearing supports the conclusion that the two-year sentence was a clerical error. At this hearing, Stull's counsel stated that in an effort to resolve the State's revocation motion, he had attempted to negotiate a two-year sentence on Count Two but that the State had rejected that offer. And when the trial court expressed its understanding that Stull had originally been sentenced to "two years, probated for two years on Count One[] and five years, probated for five years on Count Two," the prosecutor only corrected the trial court regarding the probation term for Count One, implying that the trial court had correctly stated the sentence for Count Two. But the record from the revocation hearing contains no discussion or acknowledgement of the two-year sentence actually reflected in the original judgment

7

No. 08-03-00154-CR, 2005 WL 387067, at *4 (Tex. App.—El Paso Feb. 17, 2005, pet. ref'd) (not designated for publication) (recognizing that if an appellate court is forced to speculate, it lacks the necessary information to modify a judgment).

In sum, because we lack jurisdiction over the original judgment of conviction and because even if we had jurisdiction, we lack the necessary information to modify the original judgment's declaration that Stull received a two-year prison sentence on Count Two, we decline the State's modification request.

But this does not end our analysis. As noted, both the original judgment of conviction and the revocation judgment classify Count Two as a first-degree felony, which would carry a minimum prison sentence of five years. *See* Tex. Penal Code Ann. § 12.32(a). Thus, on their faces, the judgments reflect that Stull received an illegal sentence. *See Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013) (noting that "a sentence that is outside the range of punishment authorized by law is considered illegal"). However, according to Stull, her two-year sentence only appears illegal because the judgments erroneously classified Count Two as a first-degree

of conviction on Count Two. Indeed, if anything, the record reflects that neither the parties nor the trial court had recently reviewed the original judgment. Further, because different judges presided over the original sentencing hearing and the revocation hearing and because different attorneys represented Stull and the State at the two hearings, neither the trial court nor the attorneys had firsthand knowledge of the sentence originally pronounced. Thus, the revocation-hearing record—even taken together with the agreed upon plea-bargain terms and the notation on the community-supervision conditions—does not provide sufficient information to allow us to modify the sentence reflected in the original judgment.

felony. She asserts that because Count Two of the indictment alleged only a third-degree felony, the original judgment and the revocation judgment should be modified to reclassify the level of this offense. Although we lack jurisdiction to modify the original judgment of conviction, *see Nix*, 65 S.W.3d at 667–68; *Slaton*, 981 S.W.2d at 209; *Jaquez*, 2025 WL 1350043, at *2, we agree that the revocation judgment should be modified to reclassify Count Two as a third-degree felony.

As noted, in Count Two of the indictment, Stull was charged with engaging in organized criminal activity with a predicate offense of fraudulently using or possessing identifying information. *See* Tex. Penal Code Ann. §§ 32.51, 71.02(a). With certain exceptions not applicable here, an engaging-in-organized-criminal-activity offense is classified as one category higher than the most serious predicate offense. *See id.* § 71.02(b). Thus, for Count Two to constitute a first-degree felony, Stull's predicate offense must have been at least a second-degree felony. *See id.*

The degree of seriousness of a fraudulent-use-or-possession-of-identifying-information offense depends on the number of items of identifying information "obtained, possessed, transferred, or used." *See id.* § 32.51(c). For the offense to constitute a second-degree felony, the number of items must be between ten and forty-nine. *Id.* § 32.51(c)(3). Accordingly, for Count Two to constitute a first-degree felony, Stull must have "obtained, possessed, transferred, or used" at least ten items of identifying information. *See id.* §§ 32.51(c)(3); 71.02(b).

9

But Count Two of the indictment alleged merely that Stull "possess[ed], use[d], or transfer[red] identifying information of another"; it did not list any particular items of information or allege a specific number of total items.[4] Thus, the indictment did not allege a first-degree felony. Rather, because the allegation that Stull fraudulently possessed, used, or transferred another's identifying information necessarily entails that she possessed, used, or transferred at least one item of information and because the indictment does not allege any other number of items, the indictment alleges a state-jail-felony predicate offense. *See id.* § 32.51(c)(1) (providing that a fraudulent-use-or-possession-of-identifying-information offense is a state-jail felony if the number of items used or possessed is less than five). Thus, as alleged in the indictment, Count Two is a third-degree felony. *See id.* § 71.02(b).

Because Count Two of the indictment properly alleged only a third-degree felony, Stull is guilty only of that degree of offense. *See Ex parte Bodden*, 707 S.W.3d 399, 411 (Tex. Crim. App. 2024). Accordingly, we sustain her first issue and modify the revocation judgment on Count Two (1) to reflect that Stull was convicted of a

---

[4]Count Two of the indictment alleged that Stull

> on or about the 15th day of October 2020, did with the intent to establish, maintain, or participate in a combination or in the profits of a combination commit the offense of fraudulent use or possession of identifying information, by: intentionally or knowingly, without the effective consent of the owner of the information, possess[ing], us[ing], or transfer[ring] identifying information of another with the intent to harm or defraud another[.]

third-degree felony, not a first-degree felony, *see id.* at 411–12, and (2) to reflect the punishment originally imposed for Count Two:  two years' imprisonment, *see Weed*, 891 S.W.2d at 25.

## B.  Count One Is Properly Classified as a Second-Degree Felony

In her second issue, Stull contends that Count One is a state-jail felony and that the revocation judgment improperly classified this offense as a second-degree felony.[5] But this contention is based on a misreading of the relevant statute.  When, as here, an indictment alleges that a defendant tampered with a state-issued driver's license, the offense falls under Penal Code Section 37.10(c)(2)(A).  *See Hanson v. State*, No. 02-18-00189-CR, 2019 WL 1388758, at *2–4 (Tex. App.—Fort Worth Mar. 28, 2019, pet. ref'd) (mem. op., not designated for publication); *see also* Tex. Penal Code Ann. § 37.10(c)(2)(A).  That statute provides that when "the actor's intent is to defraud or harm another," the offense is a second-degree felony.  Tex. Penal Code Ann. § 37.10(c)(2)(A).  Because Count One of the indictment alleged that Stull tampered with a state-issued driver's license "with intent to defraud or harm another," it alleged a second-degree felony.  *See id.*  Thus, the revocation judgment properly classified Count One as a second-degree felony.

---

[5]As with her first issue, Stull asks us to modify both the original judgment of conviction and the revocation judgment.  But as previously discussed, we lack jurisdiction to modify the original judgment of conviction.  *See Nix*, 65 S.W.3d at 667–68; *Slaton*, 981 S.W.2d at 209; *Jaquez*, 2025 WL 1350043, at *2.  Accordingly, we treat Stull's second issue as a request to modify the revocation judgment on Count One and limit our discussion accordingly.

We overrule Stull's second issue.

## IV. CONCLUSION

Having sustained Stull's first issue, we modify the revocation judgment on Count Two to reflect that Stull was convicted of a third-degree felony and to reflect a prison sentence of two years instead of five years. We affirm that judgment as modified. Additionally, having overruled Stull's second issue, we affirm the revocation judgment on Count One.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 9, 2025

12